Section m of the Code has provided a uniform mode of bringing before the court matters of defence which existed when the answer was put in, but of which the defendant was then ignorant, as well as matters of defence which have arisen after issue joined. That is to be done by supplemental answer.
As section 469 of the Code continues in force, all the pre-existing rules and practice of the courts, not inconsistent with the Code itself, the settled rules and practice of the courts of law and of Chancery, must be consulted, in determining whether the application is, in substance, one of strict right, or is addressed solely to the discretion of the court.
Such applications should be granted, as a general rule, unless they have been too long delayed, or are clearly frivolous, or the defence presented is so inequitable in its nature that the permission sought should be refused for that cause.
On the facts of this case, held, that the motion could not, properly, have been denied on the mere ground of laches.
The court will not, as a general rule, after the time to answer has expired, allow a supplemental answer to be put in, to set up a technical defence, which may operate as a forfeiture of a just claim. But when the cause of action is one of equitable cognizance, although it may be one of strict legal right, and can be enforced only by depriving a defendant of property bought in good faith from an assignee of a common debtor of the plaintiff and the defendant, and which property, on principles of general equity, might, as properly, have been applied to satisfy the claim of the defendant as that of the plaintiff, the court will not *662 attempt, on such a motion, to determine the equities of the parties, and refuse leave to set up the defence.
The court will not do so, when, upon the settled principles of equity proceedings, the particular defence may be overruled, if giving effect to it according to its legal operation, would defeat a cause of action contrary to the intent of the parties to the transaction which constitutes the supposed defence.
"When it cannot be well decided, except upon a hearing of the whole case, whether as between the parties to the action, it would be inequitable to give effect to the defence, if proved; and the court is competent to dispose of that question at the hearing, as may be just, a supplemental answer will be allowed.
The court decided as above stated, at a General Term held by the Justices above named. The facts of the case, so far as they affected the decision made, and the opinion of the court, by Bosworth, J., are fully reported in Abbott’s Pr. R., vol. iv., p. 59; together with an opinion of Hoffman", J., stating the grounds of his concurrence in the general result, that the order appealed from should be reversed, and leave granted to the defendant to file a supplemental answer on the terms stated in the opinion of the court.