PHEBE W. MEDBURY, Respondent, v. ISAAC W. SWAN, Appellant.

The word "may" in section 177 of the Code is permissive, not mandatory; and the right to set up new matter by supplemental pleading, is not absolute, but is within the discretion of the court.

An order therefore, denying such right is not appealable to this court.

Laches in making an application for leave to plead a discharge in bankruptcy, is a sufficient ground for denying it.

(Argued September 5th, 1871; decided September 8th, 1871.)

APPEAL from order of the General Term, first department, affirming order of Special Term, denying defendant's application for leave to serve a supplemental answer, setting up his discharge in bankruptcy.

This action was commenced in January, 1867, the complaint alleging an indebtedness to one Arnold Medbury, deceased, a settlement of that indebtedness by the defendants with the administrator of the estate of the deceased, and an assignment of the debt to the plaintiff.

The defendant, Isaac W. Swan, appeared and answered in February following. The cause has never been noticed for trial, and nothing has been done therein since the issue joined.

In August, 1867, defendant Swan filed his petition in bankruptcy, in the district court of the United States for the northern district of New York, and on the 5th day May, 1868, obtained in the said court the usual discharge from his debts. His attorney, Mr. Rathbun, in the summer of 1869, applied to the plaintiff's attorney for permission to interpose a supplemental answer, setting up the discharge. The request was taken under advisement, and in the mean time it was agreed that if said Swan should thereafter make an application to the court for such permission, no objection would be urged against the same, on the ground of delay thereafter. The matter thus rested until the 23d of November, 1869, when Mr. Perry, the plaintiff's attorney, advised Swan's attorneys, that he would no longer continue the promise.

The defendant's attorneys immediately communicated with Swan, who was then out of the city; and after his return, prepared and served the papers, for the motion for leave to Swan to serve his supplemental answer setting up his discharge.

*H. Z. Hay*, for appellant. That plaintiff's consent to delay cured all previous laches. (*Hall et al.* v. *Gordon*, 1 How. Pr. R., 99; *Center* v. *Gosling*, 1 How. Pr. R., 210; *Carter* v. *Goodrich*, 1 How. Pr. R., 239.) The question as to effect of discharge cannot be tried on motion. (*Reed* v. *Gordon*, 1 Cow., 50; *Baker* v. *Taylor*, id., 165; *Noble* v. *Johnson*, 9 John., 259; *Russell* v. *Packard*, 9 Wen., 431; *Smith* v. *Paul*, 20 How. Pr. Rep., 97; *Rich* v. *Salhinger*, 11 Abbt., 344; *Stewart* v. *Salhinger*, 14 Abbt., 291.) The demand for which the action was brought is not of a judiciary character. (*Duquid et al.* v. *Edwards et al.*, 32 How. Pr. R., 254; *Chapman* v. *Forsyth*, 2 How. U. S. R., 202; *Stoll* v. *King*, 8 How. Pr. R., 300; See *Smith* v. *Edmonds*, 1 Code Reporter, 86; *White* v. *McAllister*, id., 106; *Metzgar* v. *Karst*, 5 N. Y. Legal Ob., 49; *Angus* v. *Dunscomb*, 8 How. Pr. Rep., 14; *Goodrich* v. *Dunbar*, 17 Barbour, 644; *Bussing* v. *Thompson*, 15 How. Pr. Rep., 97.)

*A. J. Perry*, for respondent. That upon the application the merits of the proposed answer should be examined. (*Morel* v. *Garelly*, 16 Abb., 269.) The application was properly denied. (*Hubbell* v. *Caulp*, 11 Paige, 310; *Gannon* v. *Keenan*, not reported; *Cutter* v. *Taylor*, 1 Sandford, 593.) The debt sued on was not affected by the discharge; section 33 of the bankrupt act of 1867. (*Whitaker* v. *Chapman*, 3 Lansing, 155.)

ALLEN, J. An appeal is allowed to this court from an order "affecting a substantial right not involving any question of discretion arising upon any interlocutory proceeding, or upon any question of practice in the action." (Code, § 11, sub. 4.)

By statute, the defendant may, by leave of the court, granted

upon motion, make a supplemental answer, alleging facts material to the case, occurring after the former answer was put in. (Code, § 177.)

The right to allege new matter, by supplemental pleading, is not an absolute and positive right, but is made to depend upon the leave of the court, in the exercise of a legal discretion. The application may be refused, if the new defence, although strictly legal, is inequitable, or if the application is not made with reasonable diligence. A party may waive his right altogether, or lose it by laches. (*Hoyt* v. *Sheldon*, 6 Duer, 661; S. C., 4 Abb., 59.) In one case, decided at Special Term, it was said that the word "may," in the statute permitting supplemental pleadings, should be read as "must," and that it was not material that the application for leave should be made at the earliest practicable day. (*Dwight* v. *Curtiss*, 8 How., 56.) The remark was not necessary to the decision; and I am not aware that the dictum has been followed or approved in subsequent cases. The word "may," according to its ordinary construction, is permissive, and should receive that interpretation, unless such a construction would be obviously repugnant to the intention of the legislature, to be collected from the terms of the act, or would lead to some other inconvenience or absurdity. The word may, in a statute, means must or shall, in those cases where the public are interested, and the public, or third persons, have a claim *de jure* to have the power exercised. (*P. D. and Co. of Newburgh, etc., T. Co.* v. *Miller*, 5 J. C. R., 101.) Chancellor KENT, in the case referred to, says the word has such meaning only in the cases mentioned. By an English statute it was enacted that, if certain matters should be made to appear to the satisfaction of the court, in which certain actions were brought, or of a judge at chambers on summons, the court or judge "may thereupon, by rule or order, direct that the plaintiff shall receive his costs;" and it was held that the statute left the matter discretionary with the court, and was not compulsory. (*Jones* v. *Harrison*, 6 Exch., 327; *Latham* v. *Spedding*, 20 L. I., N. S., 2 B., 302.) Had the legislature intended

to confer an absolute right upon the party, it would not have required the idle ceremony of an application to the court for leave, but would have permitted the supplemental pleading to have been served of course. The statute would have conferred the right absolutely by appropriate words. (See *Minor* v. *Mechanics' Bank*, 1 Pet., 64; *Malcom* v. *Rogers*, 5 Cow., 188; *King* v. *Corporation of Eyre*, cited in Smith's Statutes, etc., 726.)

The supplemental answer takes the place of the former plea *puis darrien* continuance; but it is not like that, a waiver of defences before interposed, and is not confined to matters arising since the last continuance. A plea *puis darrien* could not be rejected or treated as a nullity, because not pleaded in due time, or at the proper time; and could only be set aside upon application to the court; and the court in its discretion could permit the plea to stand. (Gra. Pr., 257, and cases cited.)

Delay in interposing the defence unexcused, was a reason for setting aside the plea; and delay in pleading an insolvent discharge, was regarded as sufficient to exclude the defence. (*Sandford* v. *Sinclair*, 3 Duer., 269; *Desobry* v. *Morange*, 18 J. R., 336; *Valkenburgh* v. *Dederick*, 1 J. C., 134.) Here issue was joined in the action in February, 1867. The discharge in bankruptcy was granted on the 5th of May, 1868, and no steps were taken to plead it, or suggestion made in respect to it until August, 1869, fifteen months after the discharge. Then the plaintiff's attorney said he would take no advantage of delay thereafter, assenting that the application when made should be treated as if made then. But there had already been a delay of fifteen months, and this was unanswerable, and there is no attempt to excuse it.

It is enough, that in this case after a delay of more than a year, the application to set up the discharge by supplemental answer, was addressed to the discretion of the court; and was not therefore, appealable to this court. The order of the court below was right, but for the reasons stated the appeal is dismissed with costs.

All concur. Appeal dismissed.