EDWIN W. BARSTOW AND OTHERS, APPELLANTS, *v.* HANS J. HANSEN, IMPLEADED, ETC., RESPONDENT.

*Discharge in bankruptcy — when allowed to be set up in supplemental answer — Laches — Judgment — lien of.*

On the 6th of July, 1866, the plaintiffs recovered judgment in this action by default. Subsequently the defendants secured leave to answer, the judgment to stand as security. An answer was served November 13th, 1867, and on the 26th of October, 1868, the defendant Hansen was discharged as a bankrupt. In February, 1871, a trial was had, and a verdict recovered by the defendants, which was set aside by the justice holding the circuit. On the 12th of June, 1874, as the cause was about to come on for trial, an order was made allowing the defendant to set up his discharge by way of supplemental answer, without prejudice to any lien the plaintiffs had upon any real estate under and by virtue of their judgment, standing as security. On appeal from this order, *held*, that the effect of the order was to entirely destroy any lien which the plaintiffs might have on the real estate of the defendant, by virtue of the judgment.

[*] Ward v. N. Y. Cen. R. R. Co., 47 N. Y., 29.

The discharge of the debt must abrogate the lien which the judgment created for its payment; for without the debt, there could be no judgment.

*Held*, further, that the lapse of time was so great, between the period when the discharge was granted, and the application *made* for leave to plead it as a defense, that the motion should have been denied for that reason.

*Medbury* v. *Swan* (46 N. Y., 210) followed.

APPEAL from an order made at Special Term, allowing the defendant, Hansen, to set up his discharge in bankruptcy by way of supplemental answer.

The facts are stated in the opinion.

*Erastus Cooke*, for the appellants.

*Frank Rudd*, for the respondent.

DANIELS J.:

This action was brought to recover the amount of a promissory note, made by the defendant. Judgment was recovered in it by default, on the 6th day of July, 1866. Upon a motion, afterward made, the defendants secured leave to answer, but the judgment was permitted to stand as security for the plaintiff's demand. The answer was served on or about the 13th of November, 1867, and the defendant was discharged as a bankrupt, on the 26th of October, 1868. In February, 1871, a trial was had on the issue joined by the answer so served, and a verdict recovered by the defendants, which was set aside by the justice holding the circuit. As the cause was about to come on for trial again, and on the 12th of June, 1874, an order was procured on the part of the defendant, for the plaintiff to show cause, why he should not be allowed to set up his discharge, by way of supplemental answer. And upon the hearing of the motion, the order appealed from was made, allowing that to be done, without prejudice to any lien the plaintiffs had upon any real estate, under and by virtue of their judgment standing as security. This reservation seems to have been made in view of the protection given to creditors' liens upon the bankrupt's property, by virtue of section 20 of the bankrupt act.* That section secures to the creditor the benefit of a legal lien, although

* Vol. 14, U. S. Statutes at Large, 526.

beyond that, the debtor may be discharged from the residue of the debt, under the other provisions of the act. And it was apparently for the purpose of preserving the advantage secured in that respect by the entry of the judgment, that this clause was inserted in the order. The object seems to have been to carry out the intent of this provision, by allowing the debtor to defeat the recovery of the debt, so far as it should prove unsecured by the lien, and at the same time securing the creditors all that they could collect, after establishing their claim as a legal demand, at the trial of the cause, by means of enforcing such lien. But this the order did not accomplish. For if the discharge should prove to be valid, it would completely defeat the creditor's right to recover any portion of the debt, as the order has allowed it to be pleaded. That must necessarily subvert the judgment, and the lien as well, because that is simply one of its incidental consequences.

Both objects mentioned in the order, cannot be attained by means of its provisions. The discharge of the debt must abrogate the lien which the judgment has created for its payment. For, without the debt, there can be no judgment. If this result had been manifested when the order was made, it would probably have been refused ; because the court seems to have been actuated with the purpose of first securing the plaintiffs the full benefit of the lien acquired by virtue of their judgment, and, after that, allowing the defendant to avail himself of his discharge. This was in harmony with the equity maintained by the section of the bankrupt law, already cited. And it would have preserved the substantial rights of both debtor and creditors, if it could have been rendered successful. But, as both results cannot be secured, the order ought not to be allowed to stand ; particularly as the affidavit of the plaintiff's counsel affirms the lien to be on sufficient property to pay the entire amount of the debt. It would contravene the policy of the bankrupt law, to allow the discharge to be made use of in such a way as to defeat the security afforded by means of a lien, which, if properly enforced, would result in satisfying an honest debt. There is no justice in depriving the creditors of the lien which they have acquired by their diligence, as long as the act under which the defendant procured his discharge, has provided for its protection and satisfaction out of the debtor's property. And

that will be done under this order, if the discharge can be used, by means of a supplemental answer, for the purpose of defeating the action brought to recover the debt. The lien already acquired, cannot survive the establishment of that result. In this respect, the order seems to have been made under a misapprehension as to the effect it would have upon the rights actually acquired by the creditors. For it is evident that it was supposed, that the discharge could be used as a defense without imparing the creditor's lien, so far as it had attached to the property of the bankrupt. Without that conviction, it may be reasonably inferred from the terms of the order, that it never would have been directed. But, aside from this infirmity in the relief provided, the lapse of time was so great, between the period when the discharge was granted, and the application for leave to plead it as a defense, that the motion should have been denied, for that reason. The intervening time exceeded five years, and, during its continuance, a trial of the action was had, without the least effort on the part of the defendant to avail himself of the discharge, or for leave to allege it as a defense to the action. In the case of *Medbury* v. *Swan*,[*] the delay did not exceed fifteen months, and yet the court, for that reason, in the exercise of its discretion, denied the defendant's motion for leave to present it as a defense by way of supplemental answer. This court, in this department, affirmed that order, and its action, in that respect, received the approval of the Court of Appeals, where it was declared that the defendant's delay was unanswerable, and no attempt had been made to excuse it.

An attempt by way of excuse was made in the affidavit, by which the motion in this case was supported. But it was of so lame and impotent a character, as to deserve no serious consideration. It conceded the neglect, and endeavored to excuse it by information derived from the clerk of the defendant's attorney. Under the circumstances of this case, the defense proposed, would be improper and unjust. It would have the effect of defeating the security for the plaintiffs' debt, fairly and lawfully acquired, which the design and policy of the bankrupt law entitled them to enforce. And it would award to the defendant that relief, which, by his negligence, he has deprived himself of all rights to demand.

[*] 46 N. Y., 200.

The order appealed from should be reversed with ten dollars costs, and the disbursements incurred by this appeal.

Davis, P. J., and Lawrence, J., concurred.

Ordered accordingly.