FURMAN & Co. and others *v*. R. A. EDWARDS and others.

April Term, 1877

AMENDMENT OF ANSWER AT THE HEARING.—An application to file an amended answer so as to set up a discharge in bankruptcy refused where the discharge was obtained before the filing of the original answer, and

the application was only made at the hearing, after an agreement of the defendant, in writing, that the cause should be heard at that term "upon the pleadings and evidence already and to be taken."

*Osment*, for complainants.
*Dodd*, for defendants.

THE CHANCELLOR:— Bill filed on December 1, 1875, by the complainants, as creditors of the defendants R. A. Edwards and A. S. Edwards, to set aside certain conveyances and transactions between the defendants as fraudulent devices to hinder and delay the complainants in the collection of their debts.  The defendant A. S. Edwards is the father, and the defendant Elizabeth J. Edwards is the mother, of the defendants R. A. Edwards and J. W. Edwards.  The case has been heard, and is to be disposed of on its merits; but the defendant R. A. Edwards has made a preliminary application to file an amended answer to set up a discharge in bankruptcy, which must be first determined.

The answers of all the defendants, each making a separate answer, were filed on June 26, 1876.  After the filing of the original bill, the defendant R. A. Edwards, on February 22, 1876, made a voluntary application in bankruptcy for a discharge from all his debts; and previous to the filing of his answer, to wit, on June —, 1876, received a certificate of discharge accordingly.  This fact was not stated or alluded to in his answer, nor was any application made for leave to file an amended answer.  The cause proceeded in due course of preparation for hearing.  On March 26, 1877, an agreement in writing was entered into by the parties litigant, signed by their counsel, designating the mode of taking the testimony, agreeing to the introduction of certain evidence, and providing that " the cause shall be heard at the April term, 1877, of said court, and as soon as the same is reached on the docket;" * * * " it being the desire and intention of the parties to have a speedy hearing of the cause upon the pleadings and evidence already and that to be taken " in

accordance with the agreement. The case was reached, and regularly called on the trial-docket for hearing, but postponed by consent to a future day of the term. The postponement was extended, by a new agreement in writing, to May 22d, and, upon the suggestion of the defendants' counsel that he thought the day agreed on was the 29th, instead of the 22d, of May, there was another postponement to the 29th. On that day the counsel for the defendants found himself in the midst of a trial at law, and, for his accommodation, the cause was again laid over, but with the understanding that he might make the present motion — for leave to file an amended answer — as if brought forward on that day. The motion, whether made then or when the case was actually taken up for hearing, or considered as made at any time after the case was regularly called for trial, is a motion to amend the answer at the hearing. It is obvious that an application at that late hour to amend a pleading in a material matter comes with a very bad grace. It ought to be sustained by a satisfactory explanation for the neglect to rely on the matter in the original answer, and for the subsequent delay. The application was accompanied by no explanation whatever in the only form in which the court can notice an explanation, — namely, by affidavit. It was said orally that the answers were written before, although not actually filed until after, the discharge in bankruptcy. But although this fact may account for the omission in the answer as prepared, it would not be an excuse for the failure to supply the omission before the answer was filed. And, of course, it furnishes no excuse whatever for the subsequent delay in applying for leave to amend. The court, as I have had occasion to say at a former term, in the case of *Cook* v. *Bee*, is reluctant to entertain such applications after evidence has been taken. Another principle, however, comes into play in the present case. A discharge in bankruptcy only affects the remedy, not the obligation. *Taylor* v. *Nixon*, 4 Sneed, 352. A new promise without any new

consideration will revive the debt. The bankrupt may rely upon the defence if he chooses, or he may tacitly waive the right. If he allow judgment to go against him after the discharge in bankruptcy, the defence is, of course, no longer available. If he promise to pay the debt, the discharge ceases to be effective as a defence. What was the agreement in writing of March 26, 1877, to have a speedy hearing " upon the pleadings," unless it be construed as a waiver of all defences except those embodied in the then existing answers? To set up a new defence necessarily sets aside this agreement, for it operates as a continuance to enable the complainants to meet the new aspect of the case. The application is, moreover, one addressed to the discretion of the court, and, under the circumstances, not entitled to favor. *Medbury* v. *Swan*, 46 N. Y. 200. The application is, therefore, refused.