Barnard, P. J.
There is no substantial difference between the original answer and the proposed supplemental answer. The plaintiff seeks to compel a re-assignment by the defendant to him of a bond and mortgage which she avers she transferred to the bank as collateral to a certain note or notes of a firm of Cocks & Barton and that the notes in question were paid.
The defendant claims that the assignment was made to protect and secure the notes of Mary C. Barlow and were to be a continuing security against such notes.
The papers show that the defendant sued certain notes on which Mary C. Barlow was liable and had levied on *709 certain property supposed to belong to her, and by a sale thereof had received certain moneys.
The original answer averred that one Gildersleeve, by a receiver, had commenced an action to recover his interest in the property so sold, as one of the firm of Barlow & Gilder-sleeve, and that he had been defeated and had appealed. That if the defendant should be held to be liable to refund to Gildersleeve, the amount must be deducted from the credit given on the Barlow notes.
In December, 1885, the administrator of Gildersleeve commenced a new action to recover the same moneys, and it is this new pending action which is to be set up by supplemental answer. An answer must aver facts which constitute a defense. As between the plaintiff and the defendant, there is one issue only. Was the assignment made to secure a debt of Cocks & Barlow which is paid ? If so, the plaintiff is entitled to recover. If not, her bill of complaint must be dismissed, or if the security is decreed to be a continuing one, then the answer must set up what is the amount of that continuing security and the mortgage in question may be enforced for that amount.
Neither the answer nor the supplemental answer sets up anything. It has credited the sum collected by execution, and it does not repudiate it. It is not permissible in good pleading to aver facts which make the averment of payment or no payment to depend upon the result of an action in which the plaintiff is not a party and never can be. She is entitled to assert her claim and have it determined in her action, and not be stayed until an action in which she has no interest can be tried. The result would not bind her. She could still prove, if the fact were so, that the money collected by execution was from the sole property of Mary C. Barlow. Besides this, it is too late after the case has been closed and submitted to the referee to get a supplemental answer which adds nothing by way of a defense. Medbury v. Swan, 46 N. Y., 200; Holyoke v. Adams, 59 id., 233.
_ The order should, therefore, be overruled, with costs and disbursements.
Pratt, J., concurs; Dykman, J., not sitting.