(33 App. Div. 405.)

AMERICAN COPPER CO. v. LOWTHER et al.

(Supreme Court, Appellate Division, First Department.    October 21, 1898.)

1. PRINCIPAL AND SURETY—CO-SURETIES—RELEASE—JUDGMENTS—VACATION.
    In an action against co-sureties, a clerk of plaintiffs' attorneys took judgment against one of them by default, and obtained an order severing the action. Plaintiffs' attorneys, as soon as they learned of this, had the judgment vacated "as if the same had never been entered." *Held* not to release the surety against whom it had been entered from liability, and therefore not to release the co-sureties.

2. SAME—LACHES.
    Failure of defendant, for more than a year after knowledge of the judgment, to set up such fact by supplemental answer, was laches.

Appeal from special term, New York county.

Action by the American Copper Company against George Lowther and others. From an order entered on June 6, 1898, granting certain of the defendants leave to file a supplemental answer, the plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Charles E. Miller, for appellant.
John J. Crawford, for respondents.

BARRETT, J. The respondents are co-sureties with one Edward L. Smith upon a guaranty which is set forth in the complaint. The respondents defended, but Smith made default. Thereupon a clerk in the office of the plaintiff's attorneys, supposing that the case was one of several liability, entered an ex parte judgment against Smith, and obtained an order severing the action, and permitting the plaintiff to proceed against the respondents. He did this without the knowledge of his principals, the plaintiff's attorneys. Nothing was collected from Smith, he being in fact insolvent. The respondents' attorneys had notice of the entry of judgment against Smith, and of the order of severance. They received this notice on the 1st day of April, 1897. Nothing further was done until the 18th day of April, 1898, when the action came on for trial. Then, for the first time, the plaintiffs learned of the entry of judgment against Smith. After opening his case to the jury, the plaintiff's counsel asked leave to withdraw a juror, in order that application might be made to the court for an amendment of the complaint. This was granted, "with leave to the defendants also to make such application to the court for leave to serve such amended or supplemental pleadings as they might be advised." The plaintiff did not take advantage of the leave thus granted, nor does it appear from the record in what respect an amendment of the complaint was desired. A few days later, however, namely, on the 22d day of April, 1898, the plaintiff obtained an order vacating the judgment against Smith, "as if the same had never been entered." This order was based upon affidavits showing that the judgment was inadvertently entered by the clerk of plaintiff's attorneys, that the latter never authorized their clerk's act, and that they had no knowledge thereof until the case was called for trial, four days previously. Six days later the respondents moved for leave to serve a supplemental answer, setting up the entry of the judgment against Smith, and the order vacating that judgment, "by reason whereof," to quote the proposed supplemental answer, "the plaintiff discharged and released the said Smith, * * * and also these defendants [the present respondents], from all liability to the plaintiff for any of the matters and things in the complaint set forth." This motion was granted, and the plaintiff appeals.

It was plainly not the respondents' intention, in this proposed supplemental answer, to plead the entry of the judgment against Smith as a discharge of their liability. This is clearly evidenced by the following extract from their points:

"The defense set forth in this supplemental answer is not the entry of judgment against a joint obligor, but the release and discharge of a co-surety, which defense was not complete until the plaintiff, of its own motion, and voluntarily, vacated the judgment against Smith."

The supplemental answer was undoubtedly formulated, and this concession as to its purpose and construction made, in view of the respondents' laches with respect to the judgment. The respondents' attorneys had full knowledge of the existence of this judgment for upwards of a year, and yet they made no application for leave to serve a supplemental answer setting up its entry. The rule is well settled that unreasonable delay in interposing such a defense is a sufficient ground for its exclusion. Medbury v. Swan, 46 N. Y. 200; Holyoke v. Adams, 59 N. Y. 233; Beach v. Reynolds, 53 N. Y. 1; Spears v. Mayor, etc., 72 N. Y. 442. It is said that the trial court gave the respondents leave to serve this supplemental pleading. This, however, is an inaccurate view of what was done there. The trial court simply gave the respondents leave to make such application on the subject as they might be advised. It did not attempt to forestall the judgment of the special term upon whatever application the respondents might see fit to make. We do not know precisely what transpired at the trial, but there is absolutely nothing in the record to indicate that the respondents were relieved from their then existing laches on this particular head. The real claim of the respondents is that, conceding their laches as to the judgment, there was no laches as to the vacatur. Again their points are clear and precise. "In the answering affidavit of plaintiff's attorney," they say, "laches are urged as an objection to the granting of the motion. But there were no laches. The defense set up in the supplemental answer did not accrue until the entry of the order of vacation, and the motion was made six days after that time. It is true that the defendants might have set up the entry of the judgment against Smith as a defense, and did not do so. But this ought not to preclude them from interposing a different defense which accrued subsequently." It is apparent, therefore, that the sole question is whether the vacation of the judgment constituted a defense. The theory, and the only theory, upon which it is claimed to constitute a defense, is that it released Smith. But how did it release Smith? The judgment was not satisfied thereby, nor was any of Smith's property released. Certainly he cannot claim to be released by the vacatur. He stands precisely as if no judgment had ever been entered against him. As to him it is, to quote again from the order, "as if the same [the judgment] had never been entered." If Smith cannot say that he has been released by the vacating of a judgment which was inadvertently entered against him, surely the respondents cannot. There is really nothing in this proposed defense. It is frivolous, as well as grossly inequitable, and the respondents should not have been permitted to interpose it. The case is quite within the principle laid down in Bank v. Weston, 81 Hun, 84, 30 N. Y. Supp. 619. There the plaintiff's attorney by inadvertence or mistake entered judgment against one of several joint debtors. Learning of his mistake, he applied to the court to vacate the judgment, which was done. Leave to set up the

entry of this judgment by way of supplement was denied at special term, and the denial was affirmed by the general term. The court (Dwight, P. J.) said:

"But we think the motion was properly denied, because the inclusion of the defendant William Weston in the entry of the judgment was merely inadvertent, and the judgment against him was vacated as soon as the mistake was discovered, and before any prejudice to the other defendants, the appellants here, could have resulted therefrom."

We think, therefore, that the order appealed from should not have been granted. It is accordingly reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

