WRIGHT ET AL. v. ERIE RAILROAD CO.

*Carriers — Delay of shipment by railroad — Remedy of shipper — Common law action for damages — Or proceeding before public utilities commission — Sections 579 and 580, General Code.*

1. A shipper who suffers loss by the negligent delay of a railroad in the transportation and delivery of intrastate freight can maintain an action at common law to recover his damages occasioned thereby.

2. In such a case the remedy provided by Sections 579 and 580, General Code, is not exclusive, but only cumulative.

(Decided October 15, 1921.)

ERROR: Court of Appeals for Portage county.

*Mr. H. R. Loomis,* for plaintiff in error.

*Mr. S. F. Hanselman,* for defendant in error.

POLLOCK, J. In July, 1917, and for many years prior thereto, the Erie Railroad Company was operating a railroad engaged in both interstate and intrastate commerce.

Some time prior to that time present plaintiff in error, a partnership, had caused to be shipped over

the railroad certain merchandise from Youngstown, Ohio, to Aurora, Ohio.

The railroad in that year brought an action against the partnership to recover demurrage on shipments theretofore ordered by it.

An answer was filed in that action containing two defenses, and also a cross-petition, seeking damages against the railroad for unreasonably delaying shipment.

After the answer had been filed, the parties settled the claims of the railroad and in the settlement agreed that the partnership's cross-petition should be docketed as a separate and new cause of action to be entitled Herbert J. Wright et al., a partnership, plaintiff, v. Erie Railroad Company, defendant.

After the cross-petition was docketed as a new cause of action, a demurrer was filed to the petition, and on the hearing thereof the court sustained the demurrer. The plaintiff, not desiring to plead further, the action was dismissed.

This action is prosecuted to reverse the judgment of the court below for error in sustaining the demurrer to the petition in the new action.

The plaintiff alleged in its petition in the action in the court below that it was shipping from Youngstown, Ohio, to Aurora, Ohio, both being stations on defendant's line of railroad, a large quantity of material for the improvement of a public highway; that this shipment was an intrastate shipment.

Plaintiff further alleged that the Erie Railroad Company unreasonably and unnecessarily delayed

the shipment of this material to its destination, and that by reason thereof plaintiff suffered damage.

The defendant claimed that the petition in the action in the court below charged an intentional and wilful failure to deliver within a reasonable time the material set out in the plaintiff's petition. It further claimed that such intentional and wilful failure would be a discrimination against the plaintiff, and that in such case the Public Utilities Commission had exclusive jurisdiction of such discrimination.

After a careful consideration of the petition we are unable to find that it charges an intentional and wilful delay, but the only charge contained in the petition is one of negligence in unreasonably delaying the delivery of the freight.

The question, therefore, whether a wilful and intentional delay in the delivery of freight by a common carrier is a discrimination, of which the commission alone has jurisdiction, is not an issue in this case.

We come then to the further claim made by the defendant that Sections 579 and 580, General Code, provide the exclusive remedy for a shipper who claims that he has been damaged by the negligence of a common carrier in unreasonably delaying an intrastate shipment of freight.

There is an implied promise on the part of a common carrier to the shipper that it will deliver the goods accepted for shipment within a reasonable time, and at common law a failure to perform this implied agreement on the part of the common carrier gave the shipper a right of action to recover

the damages which he may have suffered by such negligent act of the common carrier. 4 Ruling Case Law, 737, and 10 Corpus Juris, 297.

This principle was indirectly announced by the supreme court of this state in *American Express Co.* v. *Smith,* 33 Ohio St., 511, and *B. & O. Rd. Co.* v. *O'Donnell,* 49 Ohio St., 489.

But it is claimed that notwithstanding the common-law right of the shipper to maintain an action, the sections of the General Code above referred to give the Public Utilities Commission the exclusive right to determine the claims of plaintiff for damages for unreasonable delay in handling a shipment. Section 579, General Code, so far as it is necessary to set forth, reads as follows:

"All claims, charges or demands against a railroad for loss of, or damage to property occurring while in the custody of such railroad and unreasonable delay in transportation and delivery * * * not paid within sixty days from the date of the filing thereof with such railroad, may be submitted to the commission by a formal complaint * * *."

Section 580, General Code, reads as follows:

"Within thirty days from the receipt of such findings by said clerk, the railroad may by motion cause the same to be docketed as a civil action in said court in which case the original pleadings shall be used and the case shall be advanced for immediate trial. If no such motion is filed the clerk shall enter up the finding of the commission as a judgment and the same shall be in all respects treated as a judgment at law with all the incidents thereof and upon which execution may issue as in

other cases. If said matter is docketed for trial the action shall proceed as in other civil actions for damages except that upon trial thereof a copy of the findings and order of the commission, duly certified by the secretary thereof, shall be competent testimony and shall be prima facie evidence of the facts therein stated, and except that the plaintiff shall not be liable for any costs unless they accrue. upon his appeal."

It will be noticed that Section 579 of the Code uses the words "may be submitted to the commission," but it is urged that "may" should be construed "must," that a party having a claim for unreasonable delay in shipment must submit his claim to the commission, and that its action is exclusive so far as the shipper's rights are concerned.

The ordinary meaning of the word "may" is "permission," and it is not ordinarily considered as mandatory in character, but under certain conditions the word "may" is construed "must." Presumably the words of a statute or act receive their ordinary interpretation unless such a construction would be repugnant to the intention of the legislature, as appears from a construction of the entire statute. *Medbury* v. *Swan*, 46 N. Y., 200, 202; *Kemble* v. *McPhaill*, 128 Cal., 444; 5 Words and Phrases, page 4420, and supplement of the same work, 336.

Sedgwick on Statutory and Constitutional Construction (1874 ed.), says, at page 377, in reference to the word:

"But no general rule can be laid down upon this subject, further than, that exposition ought to be

adopted, in this as in other cases, which carries into effect the true intent and object of the Legislature."

The sections of the Code before referred to provide that if the commission finds in favor of the plaintiff it shall certify its finding to the clerk of the court of common pleas of a certain county, and then within thirty days from the receipt of such finding by the clerk the railroad may by motion cause the same to be docketed as a civil action in said court. The action shall then proceed as other civil actions for damages, except that the finding of the commission shall be *prima facie* evidence of the facts therein stated. If no motion is filed by the railroad company, judgment shall be entered by the court upon the finding of the commission.

The shipper is limited by the Code to the action of the commission, while the railroad company can require the action to be tried in the courts *de novo,* excepting that the finding of the commission shall be *prima facie* evidence of the facts therein stated; but the shipper has no such rights of appealing to the courts if he is dissatisfied with the action of the commission.

If the construction of the word "may" contended for by the railroad company is adopted, the shipper, in order to obtain relief, must apply to the commission, and its finding is final so far as the shipper is concerned. Under such a construction the shipper is limited to an application to the commission, and deprived of any right to appeal to the courts, yet the railroad company, after the finding of the commission, can either accept or cause the action to be tried in the court. Such a construction would give

the railroad company undue advantage. The shipper would be compelled to appeal to the commission and be bound by its decision, while the railroad company could either accept the finding of the commission or appeal to the courts. On the other hand, if the ordinary and usual meaning of the word "may" is given thereto, making the proceeding before the commission merely cumulative and not compulsory, it leaves the shipper the right to choose the forum in which his grievances shall be heard. If he chooses the commission, he is bound by his own intentional act, or if he does not wish to be bound by the finding of the commission, he can bring his action in the ordinary way in the courts.

We believe, from a reading of the two sections of the Code, that they manifest an intention on the part of the legislature to give the word "may" its ordinary and usual meaning, and leave with the shipper the right to apply to the commission if he so desires, or to prosecute his common-law action in the courts.

The judgment of the court below is reversed, and the cause is remanded for further proceedings.

*Judgment reversed, and cause remanded.*

METCALFE, P. J., and FARR, J., concur.