Per Curiam.

If medical aid or other assistance be rendered to a slave in a case of necessity, which does not admit of a previous application to the master, the person so rendering the assistance, would, probably, be entitled to compensation from the master ; and the law would raise an implied assumpsit, on the ground that the master was legally bound to make the requisite provision for his slave. On this principle, it was ruled by Lord Eldon, in Simmons v. Wilmot, (3 Esp. Rep. 91.) that if a person takes care of a casual pauper, and for whom the parish officers would he liable to provide, he has a right to recover his expenses of them; *252 and the judge of the C. B. in Wennall v. Adney, (3 Bos. & Pull. 247.) admitted the same rule, and for the same reason, that the parish officers were legally bound to provide necessaries for the pauper. This is the utmost extent to which the cases have gone, and even this point seems to have been overruled in Atkins v. Barnwell. (2 East, 505.) But the case of the slave in the present instance, was not one that required instant and indispensable assistance. We are to presume that the master was accessible, and both able and willing to grant the requisite aid. The service was voluntary on the part of the defendant below. It was not a case in extremis; and if the plaintiff did not choose to apply to the master, or to take care that his assent was obtained, the service must be deemed gratuitous. It would be dangerous to the rights of owners of slaves, to allow them to charge their masters with medical assistance, when the case was not so urgent as to prevent a previous application to the master for his direction, The judgment must be reversed.
Judgment reversed.