Cuma per
Colcock, J.
In this case the motion must be refused — whether it be determined by the rules of law or the policy of the country. There is no privity of contract between the plaintiff and defendant, and a voluntary service rendered to a slave, when his master is at hand cannot create a responsibility, except under some peculiar circumstance of sudden emergency. The service was rendered to the defendant, and was for his immediate benefit. It may be, and no doubt is always made the subject of contract, whether the expenses attendant on th.e sickness of a slave shall be borne by the master or the person who hires him. If by the former, the amount can be deducted out of the wages. If by the latter, he is of course answerable to the physician. So that it is evidently more proper to charge the person employing. It is in the regular and natural course of business, and in conformity with the abstract principles of the law. Something was said as to custom in this case, but custom is wholly out of the question. There is not, nor indeed can be, any custom on the subject, which will controul the law. Look at the disagreement which appears among the very few witnesses introduced on this occasion. A custom to prevail must be general, uniform, convenient, and well established. Now this custom is heard of for the first time in this court. Our books furnish no such case; but on the contrary there are those which are most clearly opposed to any such implied obligation as is here contended for. In the 2 vol. Const. Rep. p. 348, the judge says, if one has my fence out of repair and choses *125 to repair it, he cannot charge me; nor can he afterwards take away piank which he has nailed to it. And in Dunbar vs. Williams, 10 Johns. 249, it was expressly determined, that a physician who had attended a slave without the master’s knowledge or consent, could not maintain an action against the master. Indeed there is no foreseeing the consequences that might result to the owners of slaves, if they were to be made liable for any services rendered, or articles furnished to their slaves. In the case before us, from the very nature of the obligation imposed on the person hiring, the absolute control over the slave is given up by the master. The obligation to supply his daily or hourly wants must necessarily be assumed by the person who takes this absolute possession of a slave. The motion is dismissed.

Decree affirmed.