Johnson, J.
delivered the opinion of the Court.
The question submitted is not without difficulty; but after bestowing on it some consideration, I am disposed to concur in the opinion of Mr. Rawls, that the defendant is liable to the plaintiffs’ demand. The general rule, very clearly is, that the master is not liable for the contract of his slave made without his consent or authority : but Judge Reeve in his treatise on domestic relations, page 367, remarks, that the master may be liable for the contract of his servant, where the facts are such, that justice dictates that the master ought to fulfil it; and the law, therefore, raises the promise, and compels him to do so against his will. The illustration, which he gives of this exception, (see page 369,) is the case of the servant purchasing goods on the credit of the master without his authority, and which after-wards come to the use of the master. This, he remarks, is usually regarded as presumptive evidence of the subsequent assent of the master, but that the true principle of his liability, is the moral'and equitable obligation which it imposes; and that he is liable notwithstanding that the presumption is repelled by the most unequivocal declarations that he will not pay.
The cases of Wells v. Kennedy, 4 M’C. 123, and Dunbar v. Williams, 10 Johns. 249, were both by physicians against the owners for medical attendance on slaves ; and whilst they maintain the general rule, they admit as exceptions those instances, in which the emergency of the case, and the impracticability of consulting the will of the owner, would intitle the physician to be paid by the owner. Cases of this sort, must necessarily be very rare, and I cannot myself perceive the great danger of allowing the exception to obtain. If a slave is in peril in the absence of his owner, the interest of the owner is most effectually subserved by rendering assistance to the slave; and in good conscience the owner is bound to make satisfaction. In addin tion to this, the case in hand is peculiar. The situation of the defendant’s slave was that which is generally one of extreme peril, requiring instant aid ; and if that was the situation of the defendant’s slave at the time Mrs. Johnston, the plaintiff, was called in, and such I understand it was from the justice’s certificate, she was within the exception, and was intitled to recover. I am therefore of opinion, that the order of the Circuit Court *565 reversing the justice’s judgment, should be reversed, and that his judgment be affirmed : and it is so ordered. -
O’Neal i,, J. concurred.
Earle, J. sitting for Harper, J. also concurred.
Motion granted.