SPAFFORD (WILKENS v.). See Case No. 17,659.

## Case No. 13,198.

SPAFFORD et al. v. WOODRUFF.

[2 McLean, 191.][1]

Circuit Court, D. Michigan. Oct., 1840.

PLEADING AT LAW—PUIS DARREIN CONTINUANCE
—HOW MET—MOTION TO SET ASIDE.

1. A plea puis darrein continuance, properly verified and filed, within the rules of the court, will not be set aside on motion.

2. The facts alleged in the plea, show that it has been filed in good faith; and the allegations must be denied by a replication, or admitted by a demurrer.

3. The filing of this plea waives all prior issues.

[Cited in Harding v. Minear, 54 Cal. 505. Cited in brief in Lincoln v. Thrall, 26 Vt. 305.]

At law.

Mr. Goodwin, for plaintiffs.

Mr. Frazer, for defendant.

OPINION OF THE COURT. This is an action of assumpsit, brought against the defendant as the indorser of a note. The general issue was pleaded; and, since the last continuance, a plea puis darrein continuance, which alleged that this action is brought against the defendant as indorser of a note, on which the plaintiffs, who are the holders, since the last continuance of this cause, obtained a judgment against the maker and the first indorser, and that they gave

[1] [Reported by Hon. John McLean, Circuit Justice.]

time to the defendant, which operates as a release to the defendant in this action. This plea is sworn to, as the rule of the court requires. And, a motion is now made to set aside this plea, by plaintiffs' attorney, on the ground that it is irregular, and a nullity.

Great certainty is required in pleas of this description. The plea may be in abatement, or in bar of the action, and the matter of defence must be specifically stated, and the time it arose. In these respects, the present plea is not defective, and it is verified by affidavit. Under such circumstances; it is said the court can not set the plea aside on motion, but are bound to receive it. Brown, Abr. "Continuance," pl. 5, 41; Jenk. Cent. 160; Prince v. Nicholson, 5 Taunt. 333; Lovell v. Eastaff, 3 Term R. 554. The interposition of this plea waives all prior issues; nor can the plaintiff, afterwards, proceed thereon. 1 Chit. Pl. (Ed. 1837) 697; 1 Salk. 168; 2 Strange, 1105; 5 Taunt. 333.

The matter set up in this plea, so far from appearing to be fraudulent or evasive, presents a serious question; and the facts should either be traversed by a replication, or admitted by a demurrer. The motion is, therefore, overruled.