### CARLTON BATES *vs.* JOHN TAPPAN.

The provision in the United States bankrupt act, U. S. St. of 1867, *c.* 176, § 14, that an assignment under the act shall vest in the assignee the title to all the bankrupt's property, " although the same is then attached on mesne process," and " shall dissolve any such attachment made within four months next preceding the commencement of said proceedings " in bankruptcy, does not prevent the enforcement of a judgment against the bankrupt on a portion of his property attached in the action more than four months before he commenced proceedings in bankruptcy.

CONTRACT on a promissory note. Writ dated March 12, 1867. By the officer's return, it appeared that on March 14 he attached all the defendant's real estate in the county of Essex. The defendant, after filing an answer to the merits, commenced proceedings in bankruptcy on August 26, under the U. S. St. of 1867, *c.* 176. On December 11 he obtained his discharge in the district court of the United States for the district of Massachusetts ; afterwards pleaded the same in bar of the action ; waived trial by jury and his first answer; and submitted the case, on his plea of discharge in bankruptcy, and the agreed fact that on March 14 he was seised of real estate in Essex, for the determination of the superior court, which ordered judgment for the plaintiff, " said judgment only to be enforced against the property attached on the writ, but not to be enforced against the person of the defendant or any other property ; " and the defendant appealed.

*G. W. Estabrook,* for the plaintiff.

*H. N. Merrill,* for the defendant. 1. The general intent of the bankrupt act is, that all the assets of the bankrupt upon the day of the adjudication of bankruptcy shall be taken into the custody of the law, and made to discharge all the debts and claims provable under the law. The debt in suit in this case was provable. U. S. St. of 1867, *c.* 176, § 19. " No creditor whose debt is provable under this act shall be allowed to prosecute to final judgment any suit at law or in equity therefor." § 21. A discharge granted shall release the bankrupt from all demands provable ; and may be pleaded "as a full and complete bar" to all

suits brought on such demands. § 34. But such discharge does not operate as a " full and complete bar," if judgment be rendered and execution issue after such plea, even if the judgment be limited in its force to property attached.

2. The clause in § 14 which provides that the assignment in bankruptcy shall dissolve attachments of the debtor's property made within four months next preceding the commencement of proceedings in bankruptcy, if held to imply strictly that all attachments not made within four months shall not be dissolved, would be repugnant to the provisions of §§ 21, 34, as well as to the general intent of the statute. All conflict is avoided if it be held that the clause in § 14 implies only a saving of attachments made in suits, commenced four months before the bankruptcy, founded on any cause of action not provable as a demand against the estate of the bankrupt. Or all inconsistency in the act could be avoided by making this implied exception to the dissolution of attachments apply to cases in which an attachment had been in force more than four months in a suit in which judgment was had before the bankruptcy of the defendant; that is, to protect attachments of long standing, during the interval between judgment and levy of execution. In such cases, no judgment would be rendered contrary to the express provisions of the statute. Congress could not have intended to preserve all attachments made more than four months before bankruptcy, by a mere negative inference ; especially when in the same section it makes an express reservation of mortgages only, for, having expressed itself positively upon the same subject, it may be presumed that it so expressed all that was intended. *Davenport* v. *Tilton*, 10 Met. 320, was decided on a provision in the act of 1841 in favor of all liens already attaching to the property of the bankrupt. No such provision is to be found in the act of 1867. Mortgages alone are excepted.

WELLS, J. The provision in the bankrupt act, § 14, that an assignment shall be made, and thereupon, by operation of law, the title to all property, real and personal, " shall vest in said assignee, although the same is then attached on mesne process as the property of the debtor," would imply that all such attach-

ments are to be thereby vacated. It is a reasonable, not the necessary, inference. But it is not left to inference. The same sentence continues: " and shall dissolve any such attachment made within four months next preceding the commencement of said proceedings." Such explicit terms do not admit of enlargement, nor of the special modifications which the defendant seeks to engraft upon the text of the statute. The provisions for a full discharge, § 34, and forbidding the prosecution of any suit to final judgment against the debtor, § 21, must be construed, as they well may be, so as not to prevent the enforcement of a lien, which the statute itself permits, by any requisite proceedings therefor which do not involve a judgment *in personam.* A lien by attachment can be enforced in no other way than by the qualified judgment which was rendered in the superior court. The entry must be therefore  *Judgment affirmed.*