ALFRED DAGGETT, ADMINISTRATOR, *vs.* GEORGE COOK.

The fourteenth section of the United States bankrupt act provides that upon the institution of bankrupt proceedings the title to all property of the bankrupt shall vest in the assignee, although such property is then attached on mesne process, and that such proceedings shall dissolve any such attachment made within four months next preceding. Held—1. That attachments made more than four months before are not dissolved. 2. That in such a case a qualified judgment should be rendered directing that execution be levied only on the property attached.

ASSUMPSIT, brought to the Superior Court in New Haven county, at its May Term, 1865. At the May Term 1869 the defendant pleaded a discharge in bankruptcy obtained upon proceedings instituted by him on the 26th day of February, 1868. The plaintiff replied that his suit was commenced by a valid attachment of certain real estate of the defendant, described in the return of the officer upon the writ, that the attachment had remained from that time to the present without being released or discharged, and that at the time when the bankrupt proceedings were commenced the attachment had existed for more than four months; that the plaintiff had never proved his claim against the estate of the defendant in bankruptcy, and had never received payment of the whole or of any part of it from the defendant or his assignee in bankruptcy; and that he was entitled to a judgment against the defendant for the amount of his claim and costs, to be satisfied only out of the real estate attached, and in no other way to constitute an indebtedness against the defendant.

The defendant demurred to this replication, and the court (*Sanford, J.*) rendered judgment for the plaintiff, " to be satisfied only out of the interest which the defendant had in the property attached at the time of the attachment."

The defendant brought the record before this court by a motion in error.

*Wright,* for the plaintiff in error, cited *In re Winn,* 1 Bankrupt Reg., 131; *In re Reed,* 6 Int. Rev. Record, 21 ; *In re Metzler,* id., 74; *In re Schick,* id., 183 ; *In re Campbell,* id.,

174; *In re Burns*, id., 182; id., 198; *In re Schnepf*, id., 214; *In re Bernstein*, id., 222; *In re Patterson*, 1 Bankrupt Reg., 58; *In re Glaser*, id., 73; *Sedgwick* v. *Menck*, id., 108; *In re Pennington*, id., 157; *In re Kerosene Oil Company*, 2 Bankrupt Reg., 164; *In re Alexander*, 3 Bankrupt Reg., 6; *In re Thomas*, id., 7; *Wallace* v. *Conrad*, id., 10; *In re Columbian Metal Works*, id., 18; *In re Kerosene Oil Co.*, id., 31; *In re Vogel*, id., 49; *In re Dey*, id., 81; *In re Binninger*, id., 121; *In re Snedaker*, id., 155; *In re Scott*, id., 181; *Samson* v. *Burton*, 4 Bankrupt Reg., 1; *State, ex rel. Wilcox*, v. *Curtiss*, 35 Conn., 374, 381; Remarks of Cooley, J., in *People, ex rel. Detroit & Howell R. R. Co.* v. *Township Board of Salem*, 5 Am. Law Review, 136.

*C. Ives*, for the defendant in error, cited *In re Campbell*, 7 Am. Law Reg. N. S., 100; *Bowman* v. *Harding*, 4 Bankrupt Reg., 5; *Peck* v. *Jenness*, 7 Howard, 612; *Kittredge* v. *Warren*, 14 N. Hamp., 509; *Davenport* v. *Tilton*, 10 Met., 320; *Ives* v. *Sturgis*, 12 id., 462; *Ingraham* v. *Phillips*, 1 Day, 117; *Barber* v. *Minturn*, id., 136; *Upton* v. *Hubbard*, 28 Conn., 274; *Hill* v. *Fleming*, 9 Am. Law Reg. N. S., 508.

Park, J. Three years elapsed between the service of the plaintiff's writ of attachment and the commencement of the defendant's proceedings in bankruptcy, and we think the fourteenth section of the United States bankrupt act does not dissolve the lien obtained by the attachment.

That section in express terms dissolves all attachments made within four months of the commencement of proceedings in bankruptcy, and obviously if the limitation is to have any effect the dissolution of attachments must be confined to those made within that time.

But it is said that the context of the section declares that, on an assignment being made, all the property of the debtor, both real and personal, shall vest in the assignee by operation of law, whether the same is under attachment on mesne process or not; and that consequently the property attached in this suit vested in the assignee for the benefit of creditors,

Daggett *v.* Cook.

as well as the other property of the debtor, and therefore the attachment must have been dissolved.

The language of the section important for the consideration of this question is as follows—" and thereupon, (to wit, upon the assignment being made,) by operation of law the title to all such property and estate, both real and personal, shall vest in said assignee, although the same is then attached on mesne process as the property of the debtor, and shall dissolve any such attachment made within four months next preceding the commencement of said proceedings."

It will be perceived that the limitation refers to the property attached on mesne process, and that the language is " any such attachment made within four months." This is equivalent to an exception of attached property that has been longer under attachment, as if the language had been " except the property that shall be found under attachment on mesne process made more than four months preceding &c."

The section must have this construction or the limitation has no meaning whatever, and the operation of the bankrupt proceedings in dissolving attachments no limitation whatever.

Sometimes cases are continued in court for many years. An attachment might have been made of the property of a debtor while he was possessed of a large estate, and yet during the delay of justice he might have become bankrupt before judgment could be obtained in the case. Surely the act was not intended to dissolve an attachment under such circumstances. Suppose in such a case the property had been receipted and redelivered to the debtor, and by him disposed of while he was a man of wealth, and long before he became insolvent or proceedings in bankruptcy had commenced ; would the creditor's security be gone ?

The defendant claims that the twentieth section of the act preserves to the plaintiff his lien of attachment, but that he must go into the courts of the United States to enforce it. But how can a lien of attachment on process issued by a state be preserved and enforced in the courts of the United States ? The lien is incident to the process. It cannot exist without it. When the process dies, as die it must according

to the claim of the defendant, the lien must necessarily die with it.  If anything is preserved it must be a lien different in character from a lien of attachment.  And would the Congress of the United States in a bankrupt act convert a lien of attachment on state process into a lien of a higher nature in order to confer upon it a separate and independent existence ?  This would be favoring the attaching creditor. This would place his lien on a par with that of a pledge. Such is the character of the liens described in section twenty-one.  It is there provided that " where a creditor has a mortgage or pledge of real or personal property of the bankrupt, or a lien thereon for securing the payment of a debt owing to him from the bankrupt, he shall be admitted as a creditor only for the balance of the debt after deducting the value of such property, to be ascertained by agreement between him and the assignee or by a sale thereof to be made in such manner as the court shall direct ; or the creditor may release or convey his claim to the assignee upon such property, and be admitted to prove his whole debt.   If the value of the property exceeds the sum for which it is so held as security, the assignee may release to the creditor the bankrupt's right of redemption therein on receiving such excess ; or he may sell the property subject to the claim of the creditor thereon ; and in either case the assignee and creditor respectively shall execute all deeds and writings necessary or proper to consummate the transaction."

It will be perceived that the lien by mortgage, the lien by pledge, and the lien that a creditor may have for securing the payment of a debt owing to him from the bankrupt, are all considered together in the section, and neither is regarded as superior to the other.   Hence, if the claim of the defendant is correct, the plaintiff's lien of attachment is preserved to him and converted into a lien equal in character with that of a mortgage or pledge of the property attached, which manifestly is incorrect.   We think the provision in section fourteenth, which declares that on the assignment being made all the property of the debtor, both real and personal, shall vest in the assignee ; and the provision in section twenty-one,

Daggett *v.* Cook.

which declares that "no creditor whose debt is provable under this act shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt"; and the provision in section thirty-four in relation to the discharge of the bankrupt from all his obligations that might have been proved against his estate in bankruptcy, must be construed as not applying to a case like the one under consideration.

The plaintiff seeks to apply the property attached in payment of his claim and that only. He asks merely for the enforcement of his lien of attachment, and not for a judgment *in personam.*

A lien by attachment can be enforced in no other way than by the qualified judgment which was rendered by the court below, and we think correctly.

A case similar in all respects to the one under consideration was decided by the Supreme Court of Massachusetts in the late case of *Bates* v. *Tappan,* 99 Mass., 376, in accordance with the view we have taken of this case. That decision was reaffirmed in the case of *Carpenter* v. *Turrell,* 100 Mass., 450.

There is no error in the judgment complained of and it is affirmed.

In this opinion the other judges concurred.