GETTY (WISE v.). See Case No. 17,909.

GETTY, The ALICE. See Case No. 193.

## Case No. 5,374.

### GETZ et al. v. FIRST NAT. BANK OF WASHINGTON et al.

[3 Cin. Law Bul. 141.]

Circuit Court, S. D. Ohio. 1878.

PETITION TO ADJUST LIENS AND SELL LANDS.

1. Where the assignee of a mortgagee had brought suit of foreclosure in a state court, to which the mortgagor was made party, and had answered, and the plaintiff had replied, and the cause was ready for hearing, the subsequent bankruptcy of the mortgagor, will not divest the state court of its jurisdiction.

2. But the state court, after the mortgagor has been adjudicated a bankrupt, and before an assignee has been appointed, may proceed to a hearing of the cause, fix the lien of, find the amount due the plaintiff, and order the property sold in satisfaction thereof.

3. In such case where the property is clearly of much less value than the decreed lien thereon, the federal courts will not order the assignee in bankruptcy to sell the same.

In bankruptcy.

Palmer, Headley, Johnston & Colston, for plaintiffs.

Maynard & Hadley, for defendants.

SWING, District Judge. The petition in this case was filed by the plaintiffs [Charles L. Getz and others], assignees of A. C. Johnson, a bankrupt, on the 11th day of May, A. D. 1877, and alleges in substance: That on the 19th day of February, 1878, A. C. Johnson was adjudicated a bankrupt; that on the 19th day of March these plaintiffs were appointed his assignees; that said bankrupt was the owner of several tracts of real estate therein described. The First National Bank of Washington C. H., with others, are made parties defendant. The nature of their interest in or liens upon the property is not set out in the petition, but they are required to set these out in their answers. The defendant the First National Bank of Washington C. H. has filed its answer, setting forth in substance: That on the 22nd day of October, 1875, the bankrupt A. C. Johnson, being indebted to the Fayette County National Bank in $24,000, to secure the payment thereof, executed a mortgage to said bank upon a part of the property described in the petition; that said mortgage was recorded on the 22nd day of October, 1875;

that on the 29th day of October, 1875, the Fayette National Bank for a valuable consideration assigned and transferred said mortgage to said defendant, and that there was due to it at the time of the filing of said answer the sum of $18,000.

The answer further sets forth that on the 6th day of May, 1876, the defendants brought their suit in the court of common pleas of Fayette county, Ohio, to foreclose said mortgage; that the said A. C. Johnson and Laura R. Johnson, his wife, were made parties thereto, and on the 3rd day of June, 1876, filed their answer in said suit; that plaintiffs therein, defendants here, filed their replication to said answer on the 22nd day of July, 1876; that at the February term of said court, begun and held on the 25th day of February, 1877, said court, upon a full hearing of the cause, entered a decree in favor of the plaintiff, adjudging its mortgage a lien upon said property, and ordering the same to be sold in satisfaction thereof.

The decree, a copy of which is attached to the answer, and made a part thereof, contains a proviso that the issuing of the order should be subject to the order of the district court of the United States for the Southern district of Ohio. The answer further states that the property embraced in the mortgage and decreed to be sold, will not pay more than half the amount of the mortgage debt. A motion is filed by defendants asking the court to direct the court of common pleas of Fayette county, to proceed and sell the property. This is informal, but counsel for plaintiffs waive the informality and request the court to dispose of the question upon its merits.

In the case of Frank E. Bixly, assignee of James C. Belman, Bankrupt, v. Indianapolis Ins. Co [unreported], there had been a decree of foreclosure in the state court, and the assignee sought to have an order of sale from this court, but we refused to grant the order and dismissed the petition. In the case of M. M. Gantz, Assignee, v. J. W. King, Receiver [unreported], proceedings had been instituted in the state courts to determine certain rights growing out of transfers and conveyances of property. After the state courts had obtained jurisdiction of all the parties and the subject matter, the party was adjudged a bankrupt, and his assignee filed his bill in this court, asking an examination and determination upon the same matters involved in the suit in the state courts. The district court dismissed the bill, and the cause was taken by appeal to the circuit court and the decree of the district court was affirmed by Justice Swayne. The question, however, of the jurisdiction of the state courts and the effect of the bankruptcy of one of the parties upon the jurisdiction, has, since that, been so fully settled by the supreme court of the United States, that it is only necessary for me to refer to its de-

cisions. In Eyster v. Gaff. 91 U. S. 521, McClure was the owner of certain lots in Denver which he had mortgaged to one Gaff. Suit to foreclose this mortgage was instituted in the state court. After the commencement of the suit, and before decree, McClure was adjudged a bankrupt, and after his assignee was appointed, decree was taken, the property sold under it, and Gaff became the purchaser thereof and received a deed therefor, which sale was confirmed. Upon this title an action of ejectment was brought against Eyster to recover the possession of the premises. The defendant in ejectment defended his possession on the ground of the invalidity of the foreclosure proceedings after the adjudication of bankruptcy and the appointment of an assignee.

In the very able opinion of the court delivered by Justice Miller, it is held that an assignee as to pending suits to foreclose mortgage, occupies the position of a purchaser pendente lite; that the jurisdiction having attached to it is not ousted by the proceedings in bankruptcy. The learned judge says: "It is a mistake to suppose that the bankrupt law avoids of its own force all judicial proceedings in the state or other courts the instant one of the parties is adjudged a bankrupt." Again: "The court in the case before us, had acquired jurisdiction of the parties and the subject matter of the suit." Again: "It was the duty of the court to proceed to a decree as between the parties before it, until by some proper pleadings in the case it was informed of the changed relations of any of those parties to the subject matter of the suit." Applying these general principles to this case, it follows that the application of the defendant A. C. Johnson, a bankrupt, did not divest the court of common pleas of Fayette county of its jurisdiction, and the court had full power to proceed to hearing and final decree after such adjudication, and before the appointment of an assignee.

Upon the general question of the jurisdiction of the state and federal courts in bankruptcy, see Claflin v. Houseman, 93 U. S. 130; Lathrop v. Drake, 91 U. S. 516; Bates v. Tappan, 99 Mass. 376; Lenihan v. Hamann, 55 N. Y. 652. Where the property is of much greater value than the liens for which it was decreed by the state courts to be sold, the assignee might file his petition in this court making the lien holders parties, and obtain an order for the sale thereof, but where the property is clearly of much less value than the amount of such liens, we will not entertain a petition for such purpose. The proviso in the decree that the issuing of the order of sale by the state court is subject to the order of this court can make no difference; it does not affect the jurisdiction in either court, and there being nothing which the assignee could derive from the sale for the benefit of general creditors, we would not interpose our

objections to the issuing of an order of sale by the state court. The petition, so far as it relates to the lands included in the decree of the court of common pleas of Fayette county, is therefore dismissed.