## H. W. GILLETT & Co. v. T. McCARTHY, *et al.*

BANKRUPTCY; *Jurisdiction of State Courts.* The commencement of proceedings in bankruptcy does not divest the state courts of jurisdiction to enforce an attachment lien on realty created more than four months next preceding the commencement of such proceedings; nor does a discharge in bankruptcy release an attachment lien not created within four months before the filing of the petition. The lien, however, cannot be enforced against the person of the defendant, or any other than the attached property.

### *Error from Pawnee District Court.*

ACTION brought October 19, 1877, by *Gillett & Co.*, against *Timothy McCarthy* and three others, to set aside a fraudulent conveyance made by said McCarthy and wife to one D. A. Bright, on December 20, 1876, and duly recorded in the office· of the register of deeds of Pawnee county. On October 5, 1877, Gillett & Co. obtained a judgment against McCarthy in the district court of Pawnee county for $213.71 and costs, and for the sale of the southeast quarter of section six, in township twenty-two, range sixteen, in said county, levied. upon in said action under an order of attachment issued April 7, 1877. More than four months after the attachment, and on December 6, 1877, said McCarthy filed his petition, in bankruptcy in the United States bankrupt court for the district of Kansas. On June 10, 1878, he obtained his discharge. At the December term of the district court of Pawnee county for 1878, after the presentation of the discharge in bankruptcy of McCarthy, the court ordered the judgment of Gillett & Co. against McCarthy of October 5, 1877, satisfied under the provisions of § 3, ch. 12, Comp. Laws 1879, p. 116. Thereupon the court on motion dismissed this action. *Gillett & Co.* excepted, and bring the case here for review.

*Wm. A. Brigham,* and *A. A. Hurd,* for plaintiffs in error:

The assignee in bankruptcy could take title to such property as the bankrupt had the right to convey at the time of

filing his petition, and no other. (2 Parsons on Cont., 3 ed., 629.) In this case, the bankrupt had conveyed the property in question to D. A. Bright nearly a year before filing his petition, and consequently it could not pass to the assignee in the assignment of the estate. The assignee made no effort, either in the state or bankrupt court, to recover this property for the benefit of the estate, and therefore it must be considered that he abandoned all right to it.

The attachment in this case was procured more than four months prior to filing the petition in bankruptcy, and is not affected by that adjudication. (Bump on Bank., 10th ed., 514; *Bates v. Tappan*, 3 Bank. Reg. 647; 99 Mass. 376; *Bowman v. Harding*, 4 Bank. Reg. 20; 56 Me. 559; *Samson v. Burton*, 4 Bank. Reg. 1; Am. Law Reg., N. S., 100; 54 N. H. 84.)

The state court had acquired jurisdiction of this cause prior to the commencement of proceedings in bankruptcy, and the adjudication in bankruptcy did not affect or abridge in any manner the jurisdiction already acquired. (Bump on Bank., pp. 213, 214, 542, 546; 3 Bank. Reg.; 7 Am. Law Reg., N. S., 100, 206.)

This action is not against the person of the bankrupt defendant, nor is it against any property claimed by him, or that was claimed by his assignee, but it is sought here to reach certain property conveyed by McCarthy in fraud of his creditors, and in which he disclaims all interest — property which the plaintiffs in error acquired a lien upon by their attachment and judgment, and which they seek by this action to clear of the cloud upon the title, and make it available for the payment of their debt.

The cases in 38 Tex. 521, and 39 Tex. 92, are not applicable to this case. There, it was sought to affect property in the hands of the bankrupt in the state court, after his final discharge had been granted.

This matter has been decided by this court, in the case of *Robinson v. Wilson*, 15 Kas. 595.

*Nelson Adams,* for defendants in error:

The decisions referred to by counsel for plaintiffs were made in the bankrupt court, where the matters litigated properly belonged.

If it be true, as plaintiffs allege, that the defendant conveyed this real estate to Bright in fraud of his creditors, then this property passed to the assignee under § 5046 of the bankrupt act. And if it thus passed to the assignee, then the remedy of plaintiffs was certainly in the bankrupt court, and not in the state court. Counsel upon the other side say that the assignee made no effort to recover this property for the benefit of the estate, and hence it must be considered that he abandoned it. In reply to this we say, that they had their remedy in the bankrupt court. The assignee could maintain an action to set aside the conveyance if fraudulent, and plaintiffs' lien could first have been satisfied, and if there was any remainder, it could have gone to the estate. (Bump on Bank., 10th ed., pp. 533, 534, and cases cited.)

The plaintiffs had notice of all the proceedings had in the bankrupt court, and if they sat by and permitted the bankrupt discharge, they waived their right to interfere, and cannot now be heard to say that the assignee did not do his duty.

Plaintiffs' counsel say this matter has been decided in 15 Kas. 595, and we invite the attention of the court particularly to this decision. It has reference to the exceptions contained in § 5046 of the bankrupt act, which refers to property exempt under state law, as referred to in § 5045. The property referred to in 15 Kas., being exempt, and (not like property transferred in fraud of creditors) did not pass to the assignee. The bankrupt in this case does not claim that this property was exempt, neither do plaintiffs. The bankrupt court gets no jurisdiction of exempt property, but it did of this property, the attachment and the suit. The defendant was discharged by bankruptcy, and plaintiffs have no cause of action against him. The question has been twice thus decided by the supreme court of Texas. (38 Tex. 521; 39 id. 92.)

The opinion of the court was delivered by

HORTON, C. J.: The question presented in this case has already been treated by so many courts, with such fullness of learning and ability, and so often adjudicated, that a reference to the conclusions obtained and the more important of the decisions is all we deem necessary. An attachment made prior to the period of four months next preceding the commencement of proceedings in bankruptcy is not dissolved under the bankruptcy act; not being dissolved, it remains in full force. Where the attachment is made prior to that time, the debtor's title to the property attached passes to the assignee subject to the creditor's lien acquired by virtue of the attachment. This lien may be enforced in the state court against property attached, but not against the person of the defendant or any other property. The discharge is *in personam,* and does not affect liens, except those based on attachments or *mesne* process levied within four months before the filing of the petition, and those which can be avoided by showing that they were procured or preferred with a view of giving the preference prohibited by §§ 5021 and 5128 of the bankrupt act. As the proceedings in bankruptcy did not oust the state court issuing the order of attachment of jurisdiction to enforce the attachment lien in this case, and as the discharge in bankruptcy did not annul or affect such lien, the ruling of the trial court was erroneous. Sections 5044, 5055, U. S. Rev. Stat. 1875; Bump on Bank. (6th ed.), 368; *Daggett v. Cook,* 37 Conn. 341; *Leighton v. Kelsey,* 57 Me. 85; *Bates v. Tappan,* 99 Mass. 376; *Robinson v. Wilson,* 15 Kas. 595.

The decisions of *Taylor v. Bonner,* 38 Tex. 521, and *Johnson v. Pogue,* 39 id. 92, to which we are referred by counsel for defendants in error as conclusive, are overruled in *Elliott v. Booth,* 44 id. 180, 191.

The order and judgment of the district court will be reversed, and the case remanded.

All the Justices concurring.