## HUDSON vs. PLETS.

Where the defendant, in a creditor's suit, had been summoned to attend before the master, under the usual order of reference to appoint a receiver, &c., and had assigned and delivered over his property to such receiver on oath, and had been examined on oath as to the same; *Held* that the power of the master, under the order, was spent; and that he had no right, after the defendant had once completed his examination, to issue a new summons to compel such defendant to attend before him, for a further examination, without a new order of the court.

Where the defendant in a creditor's bill has been once sworn, before the master, to answer as to his property, &c. which is to be delivered to the receiver, it is not necessary or proper to swear him a second time, upon an adjourned examination; but the complainant should proceed to examine him further, upon the oath already taken by him.

The master, upon a reference in a creditor's suit, has no right to adjourn the reference indefinitely, without the consent of the defendant, and to summon the defendant again before him at a future day. But he should require the complainant to proceed with all reasonable diligence, to close the examination of the defendant, so that such defendant may be discharged from further attendance on the reference.

Where the property of the defendant, in a creditor's suit, has been assigned and delivered to the receiver, and has been sold by him, the complainant has no right to examine the defendant, on the reference before the master, as to the title to such property.

A mere right of action of a judgment debtor for a personal tort, as for assault and battery, slander, or malicious prosecution, cannot be reached by a creditor's bill. Nor will it pass to the receiver under the usual assignment by the defendant in such a suit.

But the right of action of the judgment debtor for an injury to property to which his creditor had a right to resort for the payment of his debt, and by which injury such property is destroyed or diminished in value, is a chose in action which may be reached, by a creditor's bill, and applied in payment of the complainant's debt.

The bringing of a suit, by the defendant in a creditor's bill, for an injury to his property, where no injury has resulted to the complainant by such suit, is not such a breach of the usual injunction as will authorize the granting of an attachment against the defendant.

Hudson *v.* Plets.

A creditor's bill will not reach the right of action of a judgment debtor for an injury to property exempted by statute from levy and sale upon execution. It is, therefore, no breach of the injunction, usually granted upon such a bill, for the defendant in the creditor's bill, to sue for an injury or tort in relation to such exempt property, and to collect the amount of the damages recovered in such suit.

THIS was an application by the complainant for an attachment against the defendant in a judgment creditor's bill, for an alleged violation of the usual injunction granted in such cases, and also for refusing to be sworn before the master. The violation of the injunction, which was complained of, was the bringing an action against a third person, for a trespass upon lands, which belonged to the judgment debtor before the filing of the bill in this cause, and for bringing another suit against the same person for tort in seizing property of the judgment debtor which was exempt from execution. And the refusal of the defendant to be sworn took place under the following circumstances: The complainant's bill was filed in December, 1842, and in January thereafter the usual order of reference to appoint a receiver, and for the defendant to assign and deliver over his property on oath, under the direction of the master, was entered. A receiver was duly appointed, and in February, 1843, the defendant made the usual assignment of his property to the receiver, under the direction of the master, and was examined before the master as to his property, upon oath, as directed by the order of reference; and the receiver took possession of the property which upon such examination appeared to belong to the defendant, and the same was sold at public auction by the receiver, and purchased by the complainant, on the first of May, 1843. In September, 1843, the master, who had been superseded in his office by the qualification of a successor in the preceding April, issued a new summons to the defendant, to appear before him and be examined in relation to his property. The defendant attended before the master and declined to be sworn and examined as to the matters of the complainant's bill, or as to the property assigned, and which had been sold by the receiver. But the master decided he must be re-sworn as to the matters of the reference generally.

*O. L. Barbour*, for the complainant.

*W. L. F. Warren*, for the defendant.

THE CHANCELLOR.    The defendant was right in supposing that the master had no power or authority to summon him before him, and to swear him again as to the matters of the reference. The object of the examination of the defendant, upon the usual order to appoint a receiver, &c., where the examination is not intended as a substitute for an answer to the complainant's bill, is to enable the master to determine and direct what property is to be delivered over to the receiver.    After the notes and other choses in action in this case, therefore, had been delivered to the receiver, and had been sold by him, the defendant was not bound to answer any question in relation to such notes or other choses in action; even if the original examination before the master had been adjourned, and had not been closed. And the defendant having been once sworn, generally, upon the reference, the master had no right to require him to be sworn a second time.    But if a further examination was necessary or proper, for any purpose, the complainant's solicitor should have propounded his questions as upon the original examination, without a new oath.    And if the master decided that the questions were proper and had not been fully answered, the court would compel an answer to them, unless upon examination it appeared the decision of the master was wrong.    The defendant was, therefore, right in refusing to be sworn generally, upon the reference, a second time.

Again; it is evident in this case that the examination of the defendant, under this order of reference, had been once closed; and that the master had no authority under this order of reference, to issue a new summons, for the purpose of compelling the defendant to attend before him, and submit to a new examination, without a special order of the court for that purpose.    In these references under creditors' bills, the master is not authorized to keep the reference open interminably, to enable the complainant to harass the defendant with attendances and re-examinations as

often as the complainant thinks proper.   But when the defendant is summoned to attend for the purpose of being examined and delivering over his property, the complainant should be compelled to proceed with all reasonable expedition to complete his examination of the defendant, either in answer to the matters of the bill, or as to the property which the defendant is required to assign and deliver over to the receiver; and the master should not adjourn the examination, or reserve the right to the complainant to summon the defendant a second time before him, without some reasonable grounds.   Where the defendant attends before the master, and is examined, if the reference is not adjourned to some specified time, or the right reserved to the complainant to have a further examination, within some reasonable time, to be prescribed by the master, upon a further summons, the examination of the defendant will be considered as closed, and the master's power, under the order of reference, as spent.   After that, if the complainant wishes a further examination, or desires directions as to the delivery of property subsequently discovered, he must apply to the court, upon proper affidavits, and notice to the adverse party, for an order authorizing or directing the same.   So much of this application, therefore, as seeks for an attachment against the defendant for refusing to be re-sworn before the master, in September, 1843, must be denied.   And, as the defendant denies the existence of any property whatever, except that which he had fully disclosed before the master on his former examination, and which was delivered to the receiver, so far as it was capable of delivery, there is no ground for making a special order authorizing a further examination of the defendant.

The mere right of action of the judgment debtor for a personal tort, as for assault and battery, slander, or a malicious prosecution, cannot be reached by the complainant in a judgment creditor's suit.   Nor will it pass to the receiver under the usual assignment by the defendant in such a suit.   (*Benson* v. *Flower*, *Sir W. Jones's Rep.* 215; 1 *Deac. Bank Law*, 386.)   But the right to an action for an injury to the property of the judgment debtor, before the filing of the complainant's bill, whereby

Hudson v. Plets.

the property to which the creditor was entitled to resort for the payment of his debt is destroyed, or diminished in value, appears to be such a thing in action as may properly be reached, and applied to the payment of the complainant's debt, under a creditor's bill. The mere bringing a suit for such a tort, however, without showing some injury which the complainant in the creditor's bill has sustained thereby, is not such a breach of the usual injunction as will authorize the granting of an attachment against the judgment debtor. The case would be otherwise if this defendant had recovered a judgment, and had collected the amount thereof, or had released the right of action for the trespass. The suit against a third person for a tort, in taking property which was exempt from execution, does not appear to be a breach of the injunction, even if the right of action in that case accrued before the filing of the complainant's bill; where the right had not been reduced to a mere debt, by the recovery of a judgment for the tort, previous to that time. For the exemption of certain necessary articles from execution would be useless, if the creditor could seize them on his execution, and could reach such claim when a suit was brought against him or the sheriff for damages and deprive the debtor of it, by means of a creditor's bill. The recovery of a judgment for the tort to the defendant's exempt property, and even the collection of the amount of such judgment, is therefore no breach of the injunction in this case.

The residue of the complainant's application must be denied with costs, as there has been no breach of the injunction of which the complainant has any right to complain.