## Andrew L. Ireland vs. Isaac B. Smith.

A creditor's bill was filed to reach a month's salary of the Defendant, and an injunction served; but, before such proceedings were commenced, the Defendant had procured an advance of the salary from a third person, and given a draft on his employer to pay it when due, which was received by the employer, but there was a necessary endorsement to be be made by the Defendant on a check before it could be paid, which endorsement was made by Defendant *after* the injunction was served. *Held*, that such endorsement was not even a constructive violation of the injunction, and a motion for an attachment against Defendant was denied with costs.

This was a motion for an attachment against the Defendant for the violation of an injunction. The Defendant was a measurer connected with the custom-house, and, as such, was entitled to a salary of $125 per month, payable on the last day of each month. On the *first day* of September, the Plaintiff filed a creditor's bill against the Defendant, with a view to reach the month's salary which had become payable the day previous, and served upon the Defendant the usual injunction. In the early part of

August, the Defendant had applied to one Sharp, for an advance for his month's salary; he accordingly received from Sharp $125, and gave him a draft upon the paying officer of the custom-house for that amount payable the last day of August. It was agreed between Sharp and the Defendant at the time that the draft should be deposited with the paying officer, and when the salary became due that the Defendant should endorse the check which, according to the regulations of the custom-house, was required, and receive the draft from the officer, and leave with him the check for Sharp. In pursuance of this agreement, the Defendant, after the injunction had been served on him, endorsed the check for his salary, which was left with the officer, and afterwards delivered by him to Sharp.

W. T. HORN, *for Plff.*

H. P. WANMAKER, *for Deft.*

HARRIS, Justice.—The transaction between the Defendant and Sharp, amounted to an equitable appropriation, if not a legal transfer of the Defendant's salary for the month of August. The officer, upon whom the draft was drawn, had notice of such appropriation, and by receiving the draft from Sharp must be deemed to have assented to its payment. If the endorsement of the check was necessary to put Sharp in possession of the fund to which he was already entitled, the Defendant was bound to make such endorsement. If he had refused, he might have been compelled to do so. The Defendant had no right to that portion of his salary. To have received it would have been a gross fraud upon Sharp. Had it come into the hands of a receiver appointed in this suit, I think it would have been the duty of this court to have directed its payment to Sharp. The Plaintiff has come to a court of equity for assistance in the collection of his debt; while extending its aid to him, it will also see that the equitable rights of others are protected; although the money then due had been earned by the Defendant, and although his endorsement upon the check was required, according to the regulations of the custom-house, before the money would be paid, yet at the time the injunction was served, the Defendant had no right to collect the money, or if he had received it, to appropriate it to the payment of his debts or otherwise to his own use. There is nothing, then, in the act of endorsing the check, which amounts, even constructively, to a violation of the injunction, and the motion must be denied with costs.