## SUPREME COURT.

### DROUGHT agt. CURTISS AND PARKE

A *supplemental answer* may be allowed on motion, whenever the facts forming the ground of the answer, have occurred since the answer was put in, or where the defendant was ignorant of them at the time of pleading the first answer. It differs in this respect from the old plea of *puis darrien continuance* (for which it was intended as a substitute), which could strictly be pleaded only, before or at the next continuance after the facts transpired. When the facts sought to be pleaded in a supplemental answer amount to an entire *satisfaction* of the cause of action, and if established would utterly extinguish the plaintiff's right to prosecute it, it is the duty of the court to allow the motion; and it will make no difference whether the application be made at the earliest day or not.

*Oneida Special Term, March* 1853. This was an action brought for the conversion of personal property by the seizure and sale of it, on an execution against one Benjamin Drought, in favor of the defendant Curtiss, and by his direction. The answer sets up that the property belonged to Benjamin Drought, and justifies under a judgment and execution against him. The issue joined in the cause was referred to E. A. Wetmore to hear and decide in October 1851. It was noticed for trial in October 1852; but a day or two before the cause was to be tried, the plaintiff was arrested by one of the defendants on an execution issued on a judgment rendered against him, and committed to jail; and for that reason the cause was not tried. It was again noticed to be tried on the 26th of January 1853, but before the cause was tried, the trial was stayed and notice given of a motion by the defendants to be allowed to put in a supplemental answer founded on the following facts: The defendant Curtiss having obtained a judgment against the present plaintiff and Benjamin Drought, took proceedings under the provisions of the Code supplementary to execution; and those proceedings resulted in the

appointment of a receiver on the 22d December 1851. On the same day the receiver gave notice to the plaintiff that he should sell the demand on which the present action is founded, on the third of January 1853. It was sold on that day and the purchaser has settled the suit with the defendant Curtiss, and the same is satisfied. The defendant swears that he believes he has a good defence; but it involves an inquiry that lasted, in another similar suit, which resulted in favor of defendants, sixteen days, and desires this issue as the least expensive trial.

H. DENIO, *for the Motion.*

F. KERNAN, *Opposed.*

GRIDLEY, Justice.—The supplemental answer under the Code, is a substitute for the old plea *puis darrien continuance;* but it differs from that plea in this respect; that the supplemental answer may be allowed on motion, whenever the facts forming the ground of the answer, have occurred since the answer was put in, or where the defendant was ignorant of them at the time of pleading the first answer; whereas the plea *puis darrien,* could strictly be pleaded only before or at the next continuance, after the facts transpired (see § 177 *of the Code,* and *Gra. Pr.* 256). Where the facts asked to be incorporated and pleaded in a supplemental answer, go to divest the plaintiff of the right to maintain the action; and transfer the cause of action to another, who has received satisfaction for the demand involved in it, it is the duty of the court to grant the motion. The word *may* in such a case, means *must;* and it will make no difference, whether the motion be made at the earliest day or not. The facts amount to an entire *satisfaction* of the cause of action, and whenever pleaded and established, they utterly extinguish the plaintiff's right to prosecute it.

The only material question, therefore, to be decided, would seem to be whether the facts stated in the affidavit amount to a defence, that puts an end to the cause of action of the plaintiff. It is not denied that, whatever chose in action would pass to a receiver appointed in a creditor's bill, would also pass to a receiver appointed under an order made in proceedings supplementary to an execution under the Code. In truth those pro-

ceedings were intended as a substitute for the old practice in chancery on a creditor's bill.    In the case of Gillet, receiver, vs. Fairchild (4 *Denio*, 80), it was decided that the terms " chose in action " and " things in action," embrace demands arising out of torts as well as causes of action originating in a breach of contract; and that no assignment to a receiver is necessary to enable him to sue in his own name.    The same principle was reiterated in Hudson vs. Platt (11 *Paige*, 183)    In those cases, it is laid down that though a personal tort as an assault and battery, is not assignable and dies with the person, yet the right of action for an injury to personal property, survives by statute to the representative, and is transferred to the receiver and vests in him under the order to that effect.    Under these authorities, therefore, the plaintiff's cause of action was transferred under the summary proceedings, to the receiver, appointed by the judge; and he became vested with it, and was authorized to sue for it in his own name (*see* § 144 *of the Code, and* 5 *How. Pr. R.* 441).    The plaintiff's counsel insists that the order should not be granted, because the receiver omitted to proceed, and the defendant omitted to make this motion for nearly a year after the appointment. I have already given an answer to this objection; and it may be said in addition, that the sale of the chose in action, so as to authorize the settlement of the demand that has since occurred, did not take place till the third of last January.    It is also true that the plaintiff had no right to proceed in the suit after the appointment of the receiver.    His right to the cause of action was divested, and he had no right to proceed in the action, any more than any stranger to the suit.    This consideration is an answer to his claim for costs.    It may be that the proceedings of the defendant have been hard, and the receiver may have sold the demand for too small a sum.    But the receiver has given bail for the faithful discharge of the trust committed to him, and is responsible for any abuse of it to his *cestui que trusts*.    Besides, he had a discretion to determine whether he would permit an expensive law suit for a doubtful and contested claim, or sell it for what he could get for it.    At all events, the proceedings of the defendants are legal, so far as I can discover, and there does not appear to be any sound objections to the motion.