## SUPREME COURT.

Wm. A. Andrews, respondent agt. James A. Rowan, appellant.

Where pending an action brought by the plaintiff for the *conversion* of personal property *exempt* from levy and sale upon execution, a *receiver* of the plaintiff's property is appointed in proceedings supplementary to execution, the right of action which the plaintiff has in the pending action *does not pass to the receiver*. The right of action not vesting in the receiver, there is no ground to claim that the *judgment* thereafter recovered vested in him.

And in case of the appointment of another receiver of the plaintiff, whose appointment would be *subsequent* to the recovery of the judgment in the pending action, such receiver would not be entitled to the proceeds of the judgment as against the plaintiff.

*Erie General Term, September*, 1864.

*Before* Davis, P. J., Grover, Daniels *and* Marvin, *Justices.*

Appeal from order of Genesee county court, refusing to direct the sheriff to return satisfied an execution (for the conversion of exempt property) which he had against defendant Rowan, and the judgment in which case Rowan claimed passed to Andrews, receiver, to whom Rowan paid or tendered payment of the judgment.

Geo. Bowen, *for respondent.*

Wakeman & Bryan, *for appellant.*

By the court, Grover, J.   The affidavits used upon the motion before the county judge, showed that the action in which the respondent recovered the judgment upon which the execution which the appellant sought to have an order directing the sheriff to return satisfied, was issued, was brought to recover for the conversion of property exempt from levy and sale upon execution ; that the action was pending at the time of the appointment of a receiver of the plaintiff's property in proceedings supplemental to execution, in the Genesee county court, upon appeal ; that

the cause was thereafter tried and a verdict for the respondent rendered, upon which the judgment was entered. I think it clear that this right of action did not pass to the receiver. It was founded upon an injury to property which the creditor had no claim to have applied to the payment of his debt. The property was taken from the respondent without his consent, and he had the right of election either to prosecute the action to judgment and collect damages, or discontinue the same and sue to recover the possession of the specific property. With the exercise of this right neither the creditors of the respondent nor the receiver could at all interfere. The right of action not vesting in the receiver, there is no ground for claiming that the judgment thereafter recovered vested in him, consequently the judgment debtor had no right to pay the same to the receiver, and such payment did not satisfy the judgment (*Hudson* agt. *Pletz*, 11 *Paige*, 180). This view disposes of the motion, but as another receiver may be appointed, whose appointment would be subsequent to the recovery of the judgment, it may be well to consider whether such receiver would be entitled to the proceeds of the judgment as against the respondent.

The statute exempting certain property of the debtor from execution, should be fairly construed, to enable the debtor to enjoy such property. If when such property is wrongfully taken from the debtor, against his will, the law does not afford him an adequate remedy for the injury, and protect him in its enforcement, the statute is to the extent of the failure rendered nugatory. If the judgment rendered for the injury may be acquired by a judgment creditor, by proceedings supplemental to execution, there would be nothing to prevent seizing exempt property, selling it upon execution, and when the debtor had sued and recovered a judgment therefor, compelling the application of such judgment to the payment of the debt for which the property was seized, thus entirely depriving the debtor of

the exemption, and enabling the creditor in this way to
collect his debt from property that the law has declared
not liable for its payment; such construction if the lan-
guage will permit, should be adopted as will secure the
debtor in the enjoyment of the exempt property, and afford
him an adequate and complete remedy for a violation of
his rights.  This can only be done by holding a judgment
recovered for the conversion of such property, and its pro-
ceeds, exempt, until from lapse of time or other act of the
debtor, it may be fairly presumed that he has abandoned
the intention of procuring articles exempt with such pro-
ceeds, when the proceedings of the creditor would reach
the same.  It is true that when a debtor voluntarily dis-
poses of exempt property, the proceeds may be reached by
his creditor, but by so doing he voluntarily deprives him-
self of the benefit of the statute, and waives the privilege
thus secured (*see Hudson* agt. *Pletz, supra*).  I know it may
be said that the debtor may preserve his right by bringing
an action to recover the specific property taken, but this
may be defeated by placing the property where delivery
cannot be obtained, and thus defeat that part of the remedy.

The order appealed from should be affirmed, with costs.