MARGARET KIRSTEIN, RESPONDENT, *v.* JOHN MADDEN AND CHARLES KIRSTEIN, APPELLANTS.

PRACTICE—STATEMENT ON APPEAL.—If the statement on appeal, from an order refusing a party leave to amend his pleading, sufficiently refers to and identifies the affidavits and other papers used on the hearing of the motion, and which appear in the transcript of the record, it is sufficient, and they need not be set out at length in the statement.

PRACTICE—AMENDMENTS.—Amendments should be allowed with great liberality in all stages of the proceedings, unless the opposite party would thereby lose an opportunity to fairly present his whole case.

ANSWER.—In a verified answer, a denial "*upon*" information and belief is sufficient.

APPEAL from the District Court of the Fifteenth District, City and County of San Francisco.

The plaintiff, a married woman, complained that her husband, one of the defendants, had sold to Madden, the other defendant, a lot of land which was of her separate estate, and prayed the injunction of the Court to prevent the consummation of the sale by execution of deed. The complaint was verified.

The husband entered no appearance to this complaint.

Madden answered that he had no information or belief as to whether the lot was of her separate estate or not, and for that reason denied that it was.

He further charged in his answer, by way of cross-complaint, that Kirstein, his co-defendant, by a written instrument, agreed to sell to him the lot in controversy, and execute a deed therefor, and prayed for the specific performance of this agreement. A copy of the instrument was set forth in the answer.

To the cross-complaint, the defendant, Kirstein, filed a general demurrer.

The plaintiff took default against the husband, and then moved for judgment against Madden in the pleadings. Pending the discussion of this motion, Madden moved, upon his affidavit, to amend his answer, by more fully denying that the property in dispute was part of the separate estate of the wife.

This motion was overruled, and judgment was granted to plaintiff upon the pleadings.

The demurrer of defendant, Kirstein, to Madden's cross-complaint was sustained. Final judgment was afterwards signed, from which Madden appealed, and assigned the foregoing rulings of the Court as errors.

The instrument of writing set out in the cross-complaint was as follows :

"I have this day sold to John Madden my lot on Natoma street, together with all the buildings and improvements thereon, and known by No. 32 (giving a full description), for the price of $6,500, in gold coin of the United States, and have received fifty ($50) dollars on account of the purchase of said lot. This sale is subject to the approval of the title. If the title be rejected as bad, I agree to refund

said Madden the above mentioned fifty dollars; but if the title be approved, I agree to convey to said Madden, or his assigns, by a good and sufficient grant, bargain and sale deed, the above described premises, by said Madden paying me the balance of the purchase money, in gold coin of the United States. And I also allow said Madden fifteen days, from the date hereof, for the examination of the title of said premises, and have hereunto set my hand and seal, this 22d day of July, A. D. 1868.

"CHARLES KIRSTEIN." [SEAL.]

The affidavit and other papers on which Madden moved to amend his pleading, are not set out at length in the statement on appeal, but are therein referred to as being found in the transcript of the record of the proceedings before the District Judge, and are by him, in said transcript, duly certified and authenticated as the papers and affidavit upon which the motion was made. Respondent's counsel objected to the consideration of any of the documents that were not set out in the statement on appeal.

*Calhoun Benham,* for Appellants.

*First*—The documents objected to are necessary to show the merits of rulings, duly specified in the statement as errors, and are contained in the statement. They are parts of the statement; they are exhibits; they are perfectly described by the statement, and are perfectly identified by the Judge's certificate as being the documents called for by the statement, and as having been offered, used and given on the motions described. It is true they are erroneously described in the statement as having been identified by their file-marks and by the Clerk's certificate; but as they are so further described therein as, when found certified by the Judge, to be clearly identified, the false description does not mislead. *Falsa demonstratio non nocet.*

*Second*—The Court should have allowed Madden leave to amend in furtherance of justice.

A complaint may be amended, as of course, after demurrer and before trial; *a fortiori,* before demurrer.

The motion for judgment on the pleadings is in the nature

of a demurrer. If it is a trial, the jury may be called, which is not so. If it is in effect a demurrer, the right to answer over belongs to it.

That motion cannot be regarded as for a default. The answer would first have had to be struck out, and the plaintiff did not so move; but, on the contrary, proceeded on the hypothesis that the defendant Madden had, by his answer, furnished evidence of her case.

It results, the motion was a demurrer. Defendant should have been permitted to answer over. His motion for leave was pending when judgment was given against him on the ground his answer concluded him.

If defendant Madden's application for leave to amend had been for the sole purpose of calling the plaintiff and her husband as witnesses, it should have been allowed, especially in view of the strong and undenied indications of fraud and collusion between the wife and husband, made by their suppression of the important fact of the wife's claim, and by his submission to a judgment by default.

The least the Court could have done in observing the respect due to probity and fair dealing, was to have those parties to vindicate their pretensions by full and open explanation.

The Judge's refusal to permit the amendment, was an unwise exercise of his discretion.

*F. P. Dann,* for Respondent.

*First*—The affidavits and papers used on the hearing of the several motions in the Court below, with their file-marks and indorsements, etc., constitute no portion of the judgment roll; and the only method by which they, or any of them, could, by any means, have been properly brought into the record on appeal, was by having them *inserted in the statement on appeal.* It is not sufficient that such orders and documents should be referred to in the statement; they must be *incorporated in it,* as a *part of it,* in order to their consideration by the Supreme Court. The certificate of the Judge, attached to papers, showing their identity with

papers used on a motion, does not obviate the necessity of incorporating such papers in the statement; such certificate only serves to secure accuracy in the statement. (Cal. Prac. Act, Secs. 203, 338; *Stone* v. *Stone*, 17 Cal. 513; *People* v. *Honshell*, 10 Cal. 83; *Harper* v. *Minor*, 27 Cal. 108. See, also, *Abbott* v. *Douglass*, 28 Cal. 299; *Haggin* v. *Clark*, 28 Cal. 162; *Hutton* v. *Reed*,. 25 Cal. 478; *Wetherbee* v. *Carroll*, 33 Cal. 549; *Estate of Boyd*, 25 Cal. 511.)

*Second*—The refusal to allow an amendment to the answer, in the particulars sought in this case, was not an abuse of discretion. No authority is cited by appellants showing it to be so.

The affidavit does not show any good reason or excuse for not traversing the allegations of the complaint in the first instance. (Sec. 68, Cal. Prac. Act; *Harrington* v. *Slade*, 22 Barb. 163.)

The affidavit of plaintiff herself showed that no denial of the allegations of the complaint could truthfully be made.

The proposed amendment was not verified.

The denials in the proposed amended answer were no less objectionable than those in the original answer. (*Arthur* v. *Brooks*, 14 Barb. 534; *Blake* v. *Eldred*, 18 How. Pr. 240.)

*Charles Gardner*, for Appellant, Kirstein.

The Court did not err in sustaining defendant Kirstein's demurrer to Madden's cross-complaint.

*First*—This was not a proper case for a cross-complaint.

*Second*—There was no mutuality in the contract; in such cases equity will not enforce a specific performance thereof in any case.

SAWYER, C. J., delivered the opinion of the Court:

The affidavit and papers on the motion for leave to amend the answer, we think, upon the whole, are sufficiently referred to and identified in the statement on appeal to make them a part of it, and entitle them to consideration. The denials of the first answer were insufficient to raise an issue, and their sufficiency was properly tested on the motion for judg-

ment. The statement shows that, upon that motion, the defendant, Madden, offered to verify and file an amended answer, and asked leave to do so, upon an affidavit manifesting his good faith. We think he ought to have been permitted to amend his answer. From oversights of counsel, committed under pressure of business, pleadings are often defective. In such cases, when an offer to amend is made, at such a stage in the proceedings that the other party will not lose an opportunity to fairly present his whole case, amendments should be allowed with great liberality. The denials in the proposed answer are "*upon* his information and belief," instead of the statutory language "*according* to his information and belief," and respondent insists that they are still insufficient. It may well be doubted whether the former mode of denial does not allow a little wider field for evasion; but, however this may be, it has been widely adopted by pleaders, and it is now settled that it is sufficient. (*Vassault* v. *Austin*, 32 Cal. 606; *Roussin* v. *Stewart*, 33 Cal. 211; *Jones* v. *City of Petaluma*, 36 Cal. 230.) The proposed answer, therefore, took issue on the material averments of the complaint, which had been defectively denied in the first answer, and we think the Court should have permitted the amendment.

We find nothing to authorize any affirmative relief in the cross-complaint.

Judgment reversed and cause remanded, with directions to permit defendant, Madden, to file his amended answer when duly verified.