[No. 7,288.—Department Two.]

## W. D. GRADY *v.* R. H. BRAMLET.

EXECUTION—ATTACHMENT—EXEMPT PROPERTY—WARRANT FOR PAY DUE OFFICER — RATIFICATION — SUPPLEMENTAL ANSWER — DISCRETION OF COURT—MANDAMUS.—Upon an application filed May 7th, 1880, for a writ of mandamus to the County Treasurer to compel him to issue to the plaintiff, a warrant for services due him as District-Attorney, the answer alleged that the defendant had executed a warrant for the sum claimed, and the same had been levied upon and seized by the Sheriff under an attachment and execution regularly issued against the plaintiff; and on the 30th of May, while a demurrer to the answer was still undecided, the defendant asked leave to file a supplemental answer, setting up that the warrant had been sold by the Sheriff under the execution, and that the plaintiff was present at the sale and made no objection, and received and retained the balance of the proceeds after the satisfaction of the judgment, but the Court refused to allow the supplemental answer to be filed. *Held*, That the matters set forth in the supplemental answer showed a ratification by the plaintiff of the levy and sale, and that there was no unreasonable delay in making the motion to file the supplemental answer.

APPEAL from a judgment for the plaintiff in the Superior Court of Fresno County. HOLMES, J.

*H. S. Dixon*, for Appellant.

Having had one warrant drawn and delivered to his lawfully constituted agent, the Sheriff, and by his express command having obtained the benefit of the proceeds of its sale by payment of judgments against him, plaintiff has not the right to have another warrant for the same services drawn and delivered to him, and obtain double payment from the county. Exemption is a personal privilege. (Smythe Homest. and Exemp. § 536; *Gavitt* v. *Doub*, 23 Cal. 79.) Plaintiff failed to demand it as exempt. He thereby waived his privilege. (Smythe Homest. and Exemp. § 536; *Borland* v. *O'Neal*, 22 Cal. 505.)

*Terry, McKinne & Terry,* for Respondent.

The garnishment afforded no excuse whatever for the giv-
ing of a warrant in the plaintiff's favor to the Sheriff. The
Sheriff only levied upon all debts due from Bramlett to Grady,
and all property of Grady which Bramlett had in his posses-
sion.   Bramlett owed Grady nothing, and had no property of
Grady in his possession, and should have so returned.   Even
negotiable paper has no validity until delivered to the payee.
Though properly made out and signed, so long as it remains
in the maker's possession it is, in contemplation of law, but
a piece of blank paper.   (Parsons on Bills and Notes, 48, 49 ;
*Burson* v. *Huntington.* 21 Mich. 415.)   The Sheriff, when he
seized the " warrant," took nothing but the paper and ink.

THORNTON, J.:

The matters set forth in the supplemental answer, together
with those set forth in the amended answer in the cause,
which were incorporated in the supplemental answer by ref-
erence to the amended answer, show a ratification by the
plaintiff of the levy and sale by the Sheriff of the County of
Fresno, of the warrant drawn by the defendant as Auditor of
the same county, in favor of plaintiff, for the sum allowed
him by the Board of Supervisors for services rendered by him
as District-Attorney.

It is averred in the supplemental answer, which sets forth
matters which occurred subsequently to the commencement of
the proceeding, that the Sheriff, under his levy and seizure of
the warrant, sold it under writs of execution regularly issued
to him, and delivered it to the purchaser with a certificate of
sale thereof ; and further, that the plaintiff was present at
said sale, with his attorney, and did not forbid it or object to
it ; that he (plaintiff) received and retained the balance in the
Sheriff's hands after satisfying the judgments on which the
writs were issued, and demanded that satisfaction of the judg-
ments be entered, which was done.

The averments in the supplemental answer show that plaint-
iff must have known all the facts as to the levy, seizure, and
sale of the warrant by the Sheriff.   Such conduct on the part
of the plaintiff was a ratification of the acts of the Sheriff,

though the warrant could not be levied on under a writ of execution. The plaintiff thus recognized the Sheriff as his agent to sell and receive the proceeds, and confirmed his acts in making such sale and receiving the proceeds thereof.

It is also averred, that after the sale by the Sheriff the purchaser presented this warrant, with the certificate of sale, to the Treasurer of the County of Fresno, and it was paid.

The motion to be allowed to file the supplemental answer, setting forth the facts above stated, was made before the hearing of a demurrer to the amended answer, and was in time. The proceeding was commenced on the 7th day of May, 1880; the amended answer was filed on the 18th of the same month. To this answer a demurrer was interposed on the next day. The motion was made and denied on the 30th of May, 1880, before the demurrer above mentioned was heard and determined. There was, under this state of facts, no unreasonable delay in making this motion, and where such is the case, the motion should be granted. (*Sage* v. *Mosher,* 17 How. Pr.,367; *Palmer* v. *Murray,* 18 id. 545.)

The motion to be allowed to file the supplemental answer should have been granted, and it was an abuse of discretion to refuse it.

The judgment is therefore reversed, and the cause remanded.

SHARPSTEIN, J., and MYRICK, J., concurred.