[No. 7,269.—In Bank.]
March 21, 1882.

## JAMES SEEHORN *v.* BIG MEADOWS AND BODIE WAGON ROAD CO.

SUPPLEMENTAL ANSWER—DISCRETION OF COURT—ABUSE OF DISCRETION.—
The Court below, under the circumstances stated in the opinion, refused leave to the defendant to file a supplemental answer setting up a release by the plaintiff of his claim.

*Held:* The Court should have permitted the defendant to plead the re- lease. (McKINSTRY, J., and Ross, J., dissenting.)

APPEAL from a judgment for the plaintiff and from an order denying a new trial in the Superior Court of the County of Mono.   BRIGGS, J.

The following extract from the statement on motion for a new trial is inserted in order to show the facts of the case:

At the opening of the Court on the morning of seventh day of March, A. D. 1880, the defendant appearing by its attorneys, T. W. W. Davies and Frank Owen, and the plaintiff by his attorneys, Messrs. Reddy, Gorham, and Parker, (a jury having been regularly impaneled to try the above entitled cause on the afternoon of the previous day,) the defendant, by its counsel, moved the Court for leave to file an additional pleading, averring and alleging that since the last trial of this cause there had been a full and final settlement of all matters embraced in this cause, and set forth in plaintiff's amended complaint; and that a full release and satisfaction had been made and delivered by said plaintiff to this defendant.   Counsel for defendant also stated to the Court that he should have been in attendance on the Court on the previous day, but was unavoidably prevented by reason of interruption of travel; that no one of defendant's counsel who had actively participated in the former trials of this cause was present, having been notified by defendant that said cause was settled, and that they would not be required further; that Frank Owen, attorney for defendant, having been but slightly connected with the former trials, and knowing that John R. Kittrell and T. W. W. Davies, leading attorneys of the defendant, would be present on the morning of the seventh April, had not felt it his duty to assume the responsibility of pleading said release, and that said Owen, attorney for defendant, was fully advised, before the impaneling of the jury, of the existence of said alleged release, and the Court was not advised of any alleged settlement until now, the second day of trial and after the impaneling of the jury; and that said release had been obtained, and all the negotiations concerning the same had been had, without any participation or knowledge of the same by any attorney of defendant.

Said additional pleading, which defendant moved for leave to make, was in writing, and submitted to the inspection of

the Court, and a copy of the same was furnished to plaintiff's attorneys, and is in words and figures as follows, to wit:

"Exhibit 'B.'

"Now comes the above named defendant, by its attorneys, T. W. W. Davies and Frank Owen, and by leave of the Court first had and obtained, amends its answer herein on file as follows, viz: Defendant alleges that on the 29th day of March, 1880, for a valuable consideration, said plaintiff fully discharged and released this defendant from all damages whatsoever which he (said plaintiff) had against this defendant, and especially releasing said defendant from all claim for damages alleged to be due said plaintiff from said defendant in the amended complaint herein on file.

"T. W. W. Davies,
"Frank Owen,
"Attorneys for defendant."

That after argument the Court overruled and denied defendant's motion, said motion being objected to by plaintiff's counsel, to which ruling of the Court the defendant, by its counsel, then and there duly excepted, which exception was by the Court allowed and ordered entered.

On the 8th April, 1880, and after plaintiff had closed his case in chief, and after defendant's counsel had made his opening statement in the case, relying on contributory negligence of plaintiff and the absence of negligence by defendant, the defendant, by its attorneys, moved the Court for leave to file a supplemental answer, submitting the same in writing to the Court, and delivering a copy thereof to the plaintiff's attorneys, and making profert of the release, which supplemental answer is in words and figures as follows, to wit:

"Exhibit 'C.'

"Now comes the defendant by its attorneys, by leave of the Court first obtained, and files this its supplemental answer, and avers and shows that heretofore, to wit: On the 29th day of March, a. d. 1880, and since the last trial of this cause, the plaintiff, James A. Seehorn, has made and delivered to this defendant, for a valuable consideration, a full release, dis-

charge, and satisfaction of all claims and demands, of every name and kind, between this plaintiff and the defendant, and especially a full release, discharge, and satisfaction of all claims and demands averred in this amended complaint of plaintiff on file in this Court in this cause.

"Wherefore, defendant prays that this action be dismissed.

"Paul W. Bennett,<br>
"Frank Owen,<br>
"T. W. W. Davies,<br>
"Attorneys for defendant."

Reasons of the Court for refusing defendant's motion to file supplemental answer.

In the above entitled cause two jury trials had been had, in each of which the jury failed to find a verdict. By mutual agreement of parties the cause was set down for trial on the sixth day of April, 1880, and a venire of sixty jurors ordered by the Court. On said sixth day of April the plaintiff appeared by his attorneys, and the defendant by one of its attorneys, Frank Owen, Esq. The case being called, the parties proceeded to impanel a jury of twelve men; the jury was duly sworn to try the cause. The hour being late, the Court adjourned until the next morning at ten o'clock. On the assembling of the Court the jury answered to their names and took their seats in the jury box, and plaintiff's attorney opened his case to the jury, after which and for the first time defendant's attorneys, and without any previous notice thereof, asked leave of the Court to file an amended answer, setting forth full accord and satisfaction of plaintiff's demand. At this point of the proceedings, all the attorneys for the defendant present disclaimed all knowledge or participation in the settlement purported to have been had between plaintiff and defendant, and that such knowledge came to them after said settlement. Frank Owen, Esq., one of the attorneys for the defendant, stated that he had knowledge of the settlement before the impaneling of the jury; that is, that he had been informed that such settlement had been made, but after the making of such settlement.

It further appears that plaintiff's attorneys were ignorant of the settlement until the second day after impaneling the

jury, and claim that they were taken completely by surprise up to the motion to file said amended answer. The Court had no knowledge that any settlement had taken place between plaintiff and defendant.

After argument *pro* and *con*, the Court overruled the motion to file said amended answer, to which ruling counsel for defendant duly excepted.

On presenting the motion to amend the answer and on statement of the facts that said settlement had been made without the knowledge of the attorneys for plaintiff and defendants, General Kittrell, one of the principal attorneys for defendant, addressed the Court, and said that the course pursued by the parties in making the settlement without the knowledge of the attorneys was not warranted in the honorable practice of law; denounced in strong language the alleged settlement, and the manner in which it was brought before the Court; asked leave to withdraw as an attorney from the case, and that his name no longer appear as an attorney therein, which was granted. The plaintiff's attorney then proceeded to introduce his evidence in support of plaintiff's action. At the close of plaintiff's testimony defendant's attorney stated his case to the jury, and that he relied upon contributory negligence as a defense.

That before proceeding to examine the witnesses for defendant, defendant's attorney moved the Court for leave to file a supplemental answer, setting forth a payment by defendant to plaintiff, of a certain sum of money, in full satisfaction of plaintiff's demand against defendant.

This motion the Court refused, for the following reasons, to wit: Because it appears that the pretended settlement was made on the 29th day of March, 1880, and that the same was kept a profound secret from the Court and from plaintiff's attorneys. That jury was permitted to be impaneled before any such settlement was made known to the Court. That said pretended settlement does not come before the Court with that fairness and honesty that should characterize proceedings in Courts of justice.

This Court is of the opinion that such practice is reprehensible, and not to be tolerated. That the manner in which said pretended settlement was brought before the Court can-

not be regarded in any other light than that of trifling with the Court. The plaintiff in the case having disappeared from the country, the Court has no knowledge in what manner or by what means, whether just or unjust, said pretended settlement was brought about.

The fact that said pretended settlement was kept a secret from the attorneys for both parties, at the time of the making thereof, and from the knowledge of the Court, until after the impaneling of the jury, taints said settlement with grave suspicions of the fairness and integrity of said pretended settlement.

R. M. Briggs,<br>Superior Judge of Mono County, California.

To which ruling of the Court the defendant by its counsel, then and there duly excepted, which exception was by the Court allowed and ordered entered.

*T. W. W. Davis*, for Appellant.

It is urged that affidavits should have been presented to show the Court below that the plea of release was a true plea. We submit that when we offered all the original papers with offers to prove the same by the attesting witnesses, and also offered parol proof that the sum of two thousand dollars had been actually paid, and to show fully the *bona fides* of the transaction, the offer was better than any affidavit.

In *Houghton* v. *Heath*, 9 Abb. Pr. (N. S.) p. 275, the Court says: " Even where affidavits are filed, averring the falsity of the amended answer, the Court will not refuse leave to amend, unless the proposed amended answer is so plainly sham that it would be stricken out on motion. Even if the affidavits strongly preponderate against the truth of the pleading, the Court leaves the fact to be tried as an issue in the case, and will not determine the matter by the unsatisfactory method of *ex parte* affidavits." (*Jackson* v. *Peer*, 4 Conn. 418.) " *When the facts sought to be pleaded in a supplemental answer amount to an entire satisfaction of the cause of action, and if established, would utterly extinguish the plaintiff's right to prosecute it, it is the duty of the Court to allow the motion, (the word may, in such a case, means*

*must,) and it will make no difference whether the application be made at the earliest day or not."* (*Draught* v. *Curtiss & Park,* 8 How. Pr. 56; *Broome* v. *Beardsley,* 3 Cai. 173.)

Under the circumstances, we submit that the pleading was promptly and seasonably offered.

"When seasonably pleaded, it is matter of right and cannot be rejected." (*Sanford* v. *Sinclair,* 3 Denio, 269; *Tryon* v. *Isett,* 11 Abb. Pr. (N. S.) 365; *Hoyt* v. *Sheldon,* 4 Abb. Pr. 59; *Morel* v. *Gavelly,* 16 id. 269; *Haight* v. *Holcomb,* 7 id. 210; note to *Wood* v. *Trustees etc.,* id ; *Eager* v. *Price,* 2 Paige Ch. 335; *Willis* v. *Chipp,* 9 How. Pr. 568; *Tillotson* v. *Preston,* 3 Johns. 229; *Williams* v. *Houghtaling,* 3 Cow. 37; *Smallwood* v. *Lewin,* 13 N. J. (2 Beas.) 123; *Brooks* v. *Moody,* 25 Ark. 452; Story Eq. § 903.)

*P. Reddy,* for Respondent.

The Court did not err in refusing to allow the defendant to file " Exhibit B," for the reason that the matter therein contained, should have been set up by supplemental answer. (Code Civ. Proc. § 464; *Jessup* v. *King,* 4 Cal. 131; *Van Maren* v. *Johnson,* 15 id. 308; *McMinn* v. *O'Connor,* 27 id. 246; *Moss* v. *Shear,* 30 id. 472; 2 Wait's Pr. 467–468.)

The motion to file a supplemental answer was addressed to the legal discretion of the Court. (*Harding* v. *Minear,* 54 Cal. 502.) It being a matter of discretion, it cannot be reviewed by this Court as an error of law occurring at the trial under the seventh subdivision of Section 656 of the Code of Civil Procedure of California. (*O'Brien* v. *Brady,* 23 Cal. 244; *Cockran* v. *O'Keefe,* 34 id. 557.)

The defendant was guilty of laches in not asking for leave to plead the release by supplemental answer before the jury were impaneled.

It would have been a fraud on the plaintiff to allow it at the time the supplemental answer was offered. (*Medbury* v. *Swan,* 46 N. Y. 200; *Holyoke et al.* v. *Adams et al.,* 59 id. 233.)

It was incumbent on the defendant to have supported its motion by an affidavit, showing that the release of which profert was made, had been actually executed by the plaintiff, (the Court could not be presumed to know the signature of the plaintiff), and showing to the Court some reasonable ex-

cuse on the part of the defendant for concealing the fact of the existence of the release from the time it was made until after the jury was impaneled, and for not asking leave to plead it by way of supplemental answer, after the motion to amend answer was denied, and before plaintiff closed his case. (*Desobryet* v. *Morange*, 18 Johns. 336; *Sanford* v. *Sinclair*, 3 Denio, 269; *Harding* v. *Minear*, 54 Cal. 502.)

MORRISON, C. J.:

The plaintiff brought this action in the late District Court of Mono County to recover damages for injuries sustained by him through the alleged carelessness of an employee of the defendant. The case was set down for trial on the sixth day of April, 1880, and on that day the plaintiff appeared by his attorneys and the defendant by Frank Owens, one of its attorneys, and the parties proceeded to impanel a jury to try the case. The Court then adjourned until the following day. At the opening of the Court on the morning of the seventh day of April, the defendant, by its counsel, moved the Court "for leave to file an additional pleading," averring and alleging "that since the last trial of this cause there had been a full and final settlement of all matters embraced in this cause, and set forth in plaintiff's amended complaint; and that a full release and satisfaction had been made and delivered by said plaintiff to this defendant. Counsel for the defendant also stated to the Court that he should have been in attendance on the Court on the previous day, but was unavoidably prevented by interruption in travel; that no one of the defendant's counsel who had actually participated in the former trials of this cause was present, having been notified by the defendant that said cause was settled, and that they would not be required further; that Frank Owens, attorney for defendant, having been but slightly connected with the former trials, and knowing that John R. Kittrell and T. W. W. Davies, leading attorneys of the defendant, would be present on the morning of the seventh of April, had not felt it his duty to assume the responsibility of pleading said release, and that said Owens, attorney for defendant, was fully advised before the impaneling of the jury of said release; and the Court was not advised of any alleged settlement until now, the

second day of trial and after the impaneling of the jury; and that said release had been obtained, and all the negotiations concerning the same had been had, without any participation or knowledge of the same by any attorney of defendant. That after argument the Court overruled and denied defendant's motion, said motion being objected to by plaintiff's counsel, to which ruling of the Court the defendant, by its counsel, then and there duly excepted."

On the following day after the plaintiff's case was closed the defendant's counsel renewed his motion for leave to file a supplemental answer, which motion was again denied by the Court. The supplemental answer was submitted to the Court, a copy thereof was served upon the plaintiff's attorneys and profert was made of the release. In denying the defendant's motion, the following reasons were given therefor by the Court : "Because it appears that the pretended settlement was made on the twenty-ninth day of March, 1880, and that the same was kept a profound secret from the Court and from plaintiff's attorneys. That a jury was permitted to be impaneled before any such settlement was made known to the Court. That said pretended settlement does not come before the Court with that fairness and honesty that should characterize proceedings in courts of justice. This Court is of the opinion that such practice is reprehensible, and not to be tolerated. That the manner in which said pretended settlement was brought before the Court cannot be regarded in any other light than that of trifling with the Court. The plaintiff in the case having disappeared from the country, the Court has no knowledge in what manner or by what means, whether just or unjust, said pretended settlement was brought about. The fact that said pretended settlement was kept a secret from the attorneys for both parties, at the time of the making thereof, and, from the knowledge of the Court, until after the impaneling of the jury, taints said settlement with grave suspicions of the fairness and integrity of said pretended settlement." The defendant offered in evidence the release, and proof of the execution thereof, together with the proceedings of the Board of Trustees of the defendant, all of which papers were objected to and excluded by the Court. On this appeal, the action of the Court in refusing to allow the defendant to

file a supplemental answer, is assigned as error, and we are asked to reverse the judgment because there was an abuse of judicial discretion in the ruling of the Court below.

By Section 464 of the Code of Civil Procedure it is provided that "the plaintiff and defendant, respectively, may be allowed, on motion, to make a supplemental complaint or answer, alleging facts material to the case, occurring after the former complaint or answer." In the case of *Harding* v. *Minear,* 54 Cal., 502, Department One of this Court held that "the right to file a supplemental answer is not an absolute and positive right, but is made to depend on the leave of the Court in the exercise of a legal discretion. And, say the Appellate Court of New York, the Court must grant leave unless the motion papers show a case in which the Court may exercise a discretion as to granting or withholding leave. * * The application may be refused, if the new defense, although legal, is inequitable." (*Medbury* v. *Swan,* 46 N. Y. 200; *Holyoke* v. *Adams,* 59 Id. 233.)

In the case of *Medbury* v. *Swan, supra,* there was a delay of more than a year in the application to set up a discharge by supplemental answer, and the Court of Appeals held that such application was addressed to the discretion of the Court below. It was further held in that case, that no appeal would lie from the action of the Court on such a motion. But in the latter case of *Holyoke* v. *Adams,* 59 N. Y., 233, the language of the case in 46 N. Y. is explained, and it is there stated "that generally, a defendant has a right to set up by supplemental answer matter of defense which has occurred or come to his knowledge subsequently to the putting in of his first answer, but that he must apply to the Court by motion for leave so to do, so that the opposite party may be heard, and the Court may determine whether there has been inexcusable *laches,* or whether any of the reasons appear which are recognized as giving authority for denying the exercise of the general right in this particular instance. And the Court must grant leave unless the motion papers show a case in which the Court may exercise a discretion as to granting or withholding leave. It is claimed that *Medbury* v. *Swan,* 46 N. Y., 200, is in conflict with this. There may be expressions there which, if separated from the con-

text and from the facts of the case, are susceptible of such interpretation. It is said that 'the right to allege new matter by supplemental pleading is not an absolute and positive right, but is made to depend upon the leave of the Court in the exercise of a legal discretion.' This statement alone would be in conflict with what is now said. But the next sentence in that case explains and limits that which has just been quoted, to wit: 'The application may be refused, if the new defense, although strictly legal, is inequitable, or if the application is not made with reasonable diligence. A party may waive his right altogether, or lose it by *laches*.' What is meant in *Medbury* v. *Swan*—and, I think, what is there expressed, when the case is taken altogether—is that there is no such absolute, unrestrainable right to plead by a supplemental answer matter newly arisen as that the Court may not control the exercise of the right within the limits which have been long established, by refusing leave thus to answer when long delay has intervened, or fraud is shown, or injustice will be wrought by allowing the new defense. That was a case presenting the question of *laches*. The motion there was denied below upon the ground that *laches* existed."

In the case of *Drought* v. *Curtiss & Park*, 8 How. Pr. 56, the Supreme Court of New York held, "When the facts asked to be incorporated and pleaded in a supplemental answer, go to divest the plaintiff of the right to maintain the action, and transfer the cause of action to another, who has received satisfaction for the demand involved in it, it is the duty of the Court to grant the motion. The word *may*, in such a case, means *must;* and it will make no difference whether the motion be made at the earliest day or not. The facts amount to an entire *satisfaction* of the cause of action, and whenever pleaded and established, they utterly extinguish the plaintiff's right to prosecute it."

The above case is a very strong one, and it is not necessary for us to hold that the word *may* means *must*, as was held by the Supreme Court of New York. We have no decision in this State which covers the case now in hand; but under the section of the Code (473) relating to amendments of pleadings, it is provided that "the Court *may*, in furtherance of justice, and on such terms as may be just allow a party to

amend any pleading," etc. The case of *Kirstein* v. *Maddcn*, 38 Cal. 158, presented for review the action of the District Court in denying a motion for leave to amend an answer pending a motion for judgment on the pleadings, and it was there held that the Court below erred in denying leave to amend. The judgment was for that reason reversed. The above case illustrates the proposition that an abuse of *legal discretion*, vested by the Code in the Court below, is a proper matter of review in this Court.

This brings us to a consideration of the facts presented in the case now before us. The trial of the case commenced on the sixth of April, and a jury was impaneled on that day. The defendant was represented by Mr. Owens, a junior counsel in the case, and Mr. Davies, the senior and leading counsel for defendant, was on his way from Carson City, his place of residence, to Bridgeport, the county seat of Mono County, to attend the trial and take charge of the defense. He started in time to reach Bridgeport before the trial commenced, but was prevented from reaching his destination until the following morning by reason of interruption in the travel. As it was, he traveled all night, and was present at the opening of the Court on the following day. At that time and before any evidence was taken in the case, Mr. Davies moved for leave to file a supplemental pleading, with a view to bring before the Court, and put in issue in the case, the release, which it was claimed, had been executed by the plaintiff to the defendant. The Court refused to allow the supplemental answer to be filed, and proceeded to the trial of the case, upon pleadings which did not allow such defense to be made. The release, it is said, was executed without the knowledge of the attorneys, but the *bona fides* of the transaction was not attacked; and there was no circumstance before the Court, save and except the fact that the attorneys were not consulted in the matter, to cast suspicion upon the settlement of the case, claimed to have been made by the parties thereto. We think there were no laches, and the Court should have permitted the defendant to plead the release. (See *Grady* v. *Bramlet*, 59 Cal. 105). The Court might have imposed terms upon the defendant, such as the payment of costs, and should have continued the case, if a

continuance had been asked for by the plaintiff. The plaintiff was not present at the trial, "but had disappeared from .the country," as the record shows, being satisfied with the amount of two thousand dollars, which it appeared had been paid him, and for which no allowance was made by the jury in fixing the damages awarded by their verdict.

The judgment and order are reversed.

MYRICK, SHARPSTEIN, and THORNTON, JJ., concurred.

McKEE, J., concurring:

I concur in the judgment, for the reason that the denial of the Court below of the motion made by the defendant to file the supplemental answer presented to the Court was, under the circumstances on which the motion was made, an abuse of judicial discretion.

McKINSTRY and ROSS, JJ., dissenting.

We do not understand the facts to be exactly as stated in the foregoing opinion. We adhere to the views expressed when the case was before Department One, and therefore dissent from the judgment now given.

The following is the opinion of Department One referred to:

The COURT:

Upon the case as presented in the transcript we can not say that the evidence was insufficient to show negligence on the part of the employee of defendant in the transaction of the business of his agency. Nor can we declare that there was not evidence to sustain the finding that plaintiff was not guilty of contributory negligence.

It is urged by respondent that the action of the Court below in refusing to allow the supplemental answer was either correct or it was more than error—was an abuse of discretion, and that an abuse of discretion can only be presented by affidavit. (C. C. P. 657, sub. 1.) But by Section 647 of the Code of Civil Procedure, an order refusing to allow an amendment to a pleading is "deemed to have been excepted to."

The ruling of Court deemed to have been excepted to, can be incorporated in a bill of exceptions.

The circumstances under which defendant applied to file an amended or supplemental answer, in the nature of a plea *puis darrein continuance*, were such as justified the Court in denying it. Section 473 of the Code of Civil Procedure, after authorizing an amendment by adding or striking out the name of a party, provides: "The Court may likewise, *in its discretion*, after notice to the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding in other particulars." It would seem that whether a party should be allowed to plead a matter arising *puis darrein continuance* was always a matter of discretion. (*Harding* v. *Minear*, 54 Cal. 502, and cases cited.) The refusal to permit the amended or supplemental answer was not, upon the facts as they appear in the transcript, an abuse of discretion.

An application for leave to file a supplemental answer, setting forth facts which have occurred since the last continuance, will ordinarily, if made promptly, be allowed almost of course. But the application should be made promptly and as soon as its necessity is ascertained. (2 Wait's Pr. 470.) Here the facts were known to one of defendant's attorneys before the action was called for trial. The application was not made, however, until the day after the jury was impaneled, and after counsel for plaintiff had opened his case to the jury.

In this State an attorney has, perhaps, no lien for his costs. But may not the Court—in deciding, in its discretion, whether a party shall be allowed, pending the trial, to plead a release, executed on a settlement of the cause of action which was made prior to the trial—consider the circumstances that the settlement was made behind the back of the attorney of one of the parties; perhaps in fraud of his rights, certainly when the party was deprived of the supervision and protecting care of his chosen legal adviser? Such settlements ought not to be encouraged, and if they are to be enforced at all, should be enforced only through the medium of a plea proffered at the earliest practicable moment.

Judgment and order affirmed.