[Civ. No. 12547.   First Dist., Div. Two.   Jan. 4, 1944.]

H. A. REYNOLDS, as Guardian, etc., Appellant, v. BEN-JAMIN F. MEAD, Respondent.

Henry C. Spurr and Frank W. Taft for Appellant.

Burke & Rawles for Respondent.

STURTEVANT, J.—The plaintiff as guardian of A. L. Reynolds, an incompetent person, commenced an action against the defendant. In his second amended complaint he pleaded a cause of action to quiet title and a cause of action for rescission. The defendant answered both counts. The trial court made findings in favor of the defendant. From the judgment entered thereon the plaintiff appealed. He claims the judgment is not sustained by the evidence. We think he is mistaken.

In 1936, A. L. Reynolds was the owner of a certain lot in Ukiah. On it was a house in which he lived. He was also the owner of certain furniture and other personal property which was contained in the house. Prior to July 27, 1938, the owner had mortgaged said real estate to George E. Cook to secure the payment of a promissory note and on said date the balance due on said note was $389. On said date the owner executed four several documents and placed them in escrow to be delivered to the defendant upon the death of

said A. L. Reynolds. Said documents were (1) a deed conveying said real estate; (2) a bill of sale conveying said personal property; (3) an agreement admitting services rendered and providing for services to be rendered; (4) escrow instructions. By a provision in the "agreement" the defendant agreed that the conveyance of the real estate was subject to the mortgage in favor of George E. Cook. Later, January 13, 1941, defendant gave Cook his note for $394.84 and a mortgage on the real estate to secure the payment of said note. That transaction was done to secure the claim of Cook and was done with the intention of substituting the later mortgage for the earlier one. ■ All of the evidence about the later mortgage was objected to by the plaintiff. At first the objection was sustained because such transaction had not been alleged. Later that ruling was reversed. The trial court held it showed a novation. Therefore the court ruled that the evidence should stand, that the defendant should amend by pleading the novation, and that a finding in support of the novation should be made. Later the defendant amended his pleadings to conform to the proof. The plaintiff objects to said rulings of the court and the procedure of the defendant as not proper practice. His specific objection is that "the issues should be joined by the pleadings before trial so that a litigant would know what facts he had to meet . . ." That contention is sound but there are exceptions. (49 C. J. 530, Pleading, sec. 703 et seq.) Where, as here, the amendment is necessary to prevent a failure of justice the allowance of an amendment is specially appropriate. *Farmers' Nat. Gold Bank* v. *Stover,* 60 Cal. 387, is determinative of the question presented in the instant case. The facts are nearly parallel. However in that case the evidence offered was stricken out and permission to amend was denied. On page 395 the court said:

"This was error. The evidence which was admitted and afterwards excluded, tended to prove that the bank had accepted the individual note and mortgage of Stover as a substitute for the note in suit, for the purpose of extinguishing the obligation arising from it, or of releasing the parties to it who had become insolvent. If the note and mortgage were, in fact, taken as a substitute for the note in dispute, with the intent of extinguishing the obligation of it, or releasing the parties to it, the transaction constituted a defense by way of novation, under Sections 1530, 1531, 1532 of the Civil Code; and the defendants were entitled to have it presented to the

consideration of the jury upon the evidence adduced to sustain it. It may be conceded that the issue was not properly framed so as to admit of the evidence, yet, as it had been offered and was admitted, the Court should have allowed the pleadings to be amended so as to conform to the facts proved by it.

"In *Kirstein* v. *Madden,* 38 Cal. 158, where the denials of the answer on file were insufficient to raise an issue, and the plaintiff moved for judgment on the pleadings, which was met by a counter motion to file an amended answer, the trial Court refused leave to amend, and entered judgment for the plaintiff. That judgment the Supreme Court reversed, saying: 'We think the defendant ought to have been permitted to amend his answer. From oversights of counsel committed under pressure of business, pleadings are often defective. In such cases, when an offer to amend is made, at such a stage in the proceedings that the other party will not lose an opportunity to fairly present his own case, amendments should be allowed with great liberality.'

"In *Stringer* v. *Davis,* 30 id. 318, it is said: 'When in the course of a trial it is discovered that pleadings are so defective that the real subject of dispute cannot be finally determined, the Court, if an application is made therefor, should allow amendments on such terms as may be just.' The fact that the new matter set up by way of amendment was known to the defendant at the time of filing his original answer, is no good reason why the amendment should not be permitted. (*Pierson* v. *McCahill,* 22 Cal. 127.) An amendment of pleadings should be allowed at any stage of the trial when it is necessary for the purposes of justice (*Peters* v. *Foss,* 16 Cal. 357; *Lestrade* v. *Barth,* 19 id. 660); and whenever it is not done, it is error. (*Connalley* v. *Peck,* 3 Cal. 82; *Tryon* v. *Sutton,* 13 id. [490] 494; *Hooper* v. *Wells, Fargo & Co.,* 27 id. 35 [85 Am.Dec. 211].) Judgment reversed and cause remanded." That case has been cited and followed many times. It is controlling in the instant case.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.